*550 OPINION of the Court, by
Ch. J. Boyie.
This is an aPPeal fob®11 by the plaintiff in an action of ejectment from a judgment rendered in favor of the defendant.
ce(^r,s adverfe poffef-ifon ftouid be c°“ render;t tr’anf. fcrabie.
^ ⅛ ⅛⅛ dant guilty as to pan, and not to t e
The points necessary to be decided grow out of two ¾ills of exception taken by the plaintiff in the court below. The first states that the defendant proved that in the year 1792 one Ransifer built the cabin where the defendant now lives, and cleared 10 or 12 acres of ground; than Ransifer after remaining four or five years sold the benefit of his improvement to one Bellow, who remained there one or two years, and went off, and one Brown moved to and occupied the improvements for some years, and went off, when Margaret Scott, moved into the same cabin and continued to occupy it until the year 1801, when she obtained a headright certificate for 400 acres, including the improvement, which was trails-ferred to the defendant, who had surveyed and patented 210 acres thereof. It w as proven that Ransifer was told that it was Skinn€r’s military survey; and none of the witnesses stated that the occupants set up any claim to the land until Mrs. Scott obtained her headright certificate in 1801 ; but the witnesses stated that in their belief the possession had been regularly transferred by sale from Ransifer down to the defendant.
The plaintiff, in this state of case, moved the court to instruct the jury that the possession of Ransifer, of Bellow, and of Brown, was not transferable from one to the other, so as to toll the entry of the plaintiff, but that the possession ought to be entire or under Color of claim ; but the court refused to give the instructions, and the plaintiff excepted.
The second bill of exception states in substance, that the plaintiff ⅛ counsel having contended in argument that the defendant could be entitled to hold only to, the extent of the enclosure, which was about ten acres, under 20 years possession, if it could entitle him to hold any ; the jury after retiring to consider of their verdict, returned into court, and wished to know of the court whether they could find part of the land for the defendant; and that the court stated to the jury that if they found for the defendant at all, they must find to the extent of his 210 acres: to which opinion the exception was taken.
We can perceive nothing erroneous in the refusal of the court to give the instruction asked for, as stated in the first bill of exception. Whether the possession was adverse, or not, is properly a question of fact, of which the jury were the competent judgesbut taking it to be ^adverse, there is no doubt that it might be transferred *552 from one to another, and be thus continued so as to tolj a right of entry: nor is it necessary that an adverse possession should be held under color of title, in order to render it transferable ; for a mere intruder, abator or disseisor may transfer their possession.
The opinion of the inferior court, as stated in the second bill of exception, is unquestionably erroneous : for there can be no doubt that the jury may find the defendant guilty of the trespass and ejectment in part of the premises, and not guilty as to the residue.
The judgment must therefore be reversed with costs, and the cause remanded for a new trial not inconsistent with the foregoing opinion.