JUDGE LINDSAY
delivered juie opinion oe the court.
This action was instituted by Cooper to recover from Dragoo a horse that had been stolen from the former on the 22d day of January, 1865. It is agreed that in May, 1865, a party in possession of the horse sold him to one W. R. Lewis, and that in November, 1867, Lewis sold and delivered him to Dragoo, who kept him up to the 28th of September, 1871, when the action for his recovery was commenced.
It is further agreed that Cooper lived in Breckinridge County, Ky., and that both Lewis and Dragoo resided in Nelson County, eighty miles distant from Cooper’s residence; and that he did not know where his horse was nor who had him in possession until within a short time prior to the institution of this action; and that he had made diligent search for him from the time of his loss until he found him in possession of Dragoo.
It is not necessary to notice the prices paid for the horse by Lewis and Dragoo, as compared with his actual value, inasmuch as it is admitted that they acted in good faith.
Dragoo pleaded the statute of limitation, and the only question to be determined is, whether under the admitted facts this plea presented a bar to the action.
Section 2, article 3, chapter 63, Revised Statutes, provides *631 that “actions for the taking, detaining, or injuring personal property, including actions for the specific recovery thereof, . . . shall be commenced within five years next after the cause of action accrued.”
It is claimed that the statute does not apply, because Cooper did not know where his horse was nor who had him in possession, and hence could not sue.
"Various acts upon the part of those against whom actions might be prosecuted are made to stop the running of the statute, by the provisions of /article 4 of said chapter, such as departing from the state,? absconding, or concealing one*» self, or by other indirect means obstructing th'S ^prosecution -of a suit.
In this case neither Lewis nor Dragoo. did any thing to obstruct Cooper in bringing or instituting his suit, and his misfortune of not being apprised as to the party or parties against whom his cause of action existed does not bring his case within either of the statutory exceptions. We are aware of no instance in whiph it has been held that ignorance of a party’s rights will stop the statute from running against him. This court held otherwise in the recent case of Kinnison v. Carpenter, &c., upon the authority of Angell on Limitations pp. 68, 117, 298, and 21 Maine, 315.
Appellee further urges that his cause of action did not accrue against Dragoo until he (Dragoo) acquired possession of this horse, which was in November, 1867, less than five years before suit, and that Dragoo is not entitled to the benefit of the possession of his vendor Lewis.
In the case of Shannon v. Kinney (1 Marshall, 4), which was a. suit for the recovery of real property, this court held that to toll the right of entry the adverse possession need not continue all the time in one person, nor be held under the same title; and decided that, according to the literal import of the statute, the plaintiff could only enter upon the land *632 within twenty years after his right of entry accrued, and consequently an adverse possession for that length of time would toll his right; and that it was a matter of indifference whether the possession had been held uniformly under one title or at different times under different titles,.provided the claim of title was always adverse to the plaintiff. The same doctrine was recognized and enforced in the subsequent cases of Hord v. Walton (2 Marshall, 621), and Winn v. Wilhite (5 J. J. Marshall, 524).
The language of the statute of 1796, fixing the limitation in actions for the recovery of realty, is not essentially different from that of our present statute prescribing the time within which actions like this shall be commenced, and we perceive no valid reason why the rule of construction adopted in suits relating to realty shall not be applied in actions for the recovery of personalty. The statute of limitations is not merely a bar to the remedy; it takes away the right, and invests it in the party having adverse possession of a chattel the requisite length of time. (Stanley v. Earl, 5 Littell, 281.) And it can not be material whether the adverse possession that destroys the owner’s right has been in one or more persons, so that it has been continuous. Statutes limiting the period within which actions may be commenced are intended to quiet men’s estates and to prevent litigation; and as the possession of personal property is prima facie evidence of ownership, they should not be too strictly construed- against persons who in good faith purchase such property. Dragoo does not acquire title to the horse in controversy by reason of Lewis’s purchase from the thief, who could have no title, but by virtue of the possession under claim of title continuing in himself and Lewis for more than five years before the institution of the action.
The dictum in the case of Buffington v. Ulen (7 Bush, 231) is not conclusive of the question here under consideration. This action is not for the conversion of the horse; and herein *633 it differs from the case cited. Besides, in that case Buffington’s vendor was entitled to keep the mare until demanded, and it was considered that there could be no conversion by any one having her in possession until the demand was made. In this case the conversion was complete so soon as Lewis took possession of the horse, with a claim of title adverse to that of Cooper, and an action therefor might have been instituted at once. (2 Hilliard on Torts, 246.)
The instructions given by the circuit court are inconsistent with the views herein expressed, consequently the judgment is reversed, and the cause remanded for a new trial upon principles consistent with this opinion.