## Sparks v. Jackson, et al.

(Decided February 1, 1911.)

### Appeal from Laurel Circuit Court.

Title—Adverse Holding—What is Necessary to Support Such Title.— To support a title to land based upon adverse holdings, the claim-ant must show an open, adverse, notorious and continuous hold-ing for the last fifteen years.

H. C. CLAY for appellant.

HAZELWOOD & JOHNSON for appellees.

Opinion of the Court by Judge Lassing—Affirming.

The question presented by this appeal is the right of appellant to about fifty acres of land, to which he claims title by adverse possession. The facts, as developed on the trial in the lower court, are as follows: About twenty-two years ago appellant settled upon what he regarded as a part of his father's land. He built a house on it and fenced a small tract, about two acres. He lived there for a time and then went away, leaving the place in his father's care. After the lapse of a year or so, he returned and again lived upon the place for about a year, and then went away and was gone four or five years. He returned and again took up his residence on the land. Upon each occasion when he left he directed his father to keep some one in charge of the place for him, and he proves by one witness, who owns land in that neighborhood, that he never passed the place when some one did not live in the house. It turned out that appellant's father did not own the land.

On this state of case the trial judge found against appellant, and we are asked to review his judgment.

To support a title based upon adverse holding, the claimant must show an open, adverse, notorious and continuous holding for at least fifteen years. In the present case it may be conceded that appellant's holding was open, adverse (though there is much evidence in the record to the contrary) and notorious; all this it must have been, and, in addition, continuous. Appellant's evidence on the last point is not at all satisfactory. He was not there in person, and during a period covering about eight years he was not able to show that he kept the place tenanted. His witness Ewell says some one was living in the house whenever he passed that way. But he destroys the value of his testimony when he says he only passed that way six or eight times a year, and some·times once in two years. All that he says may be absolutely true and yet there may have been long intervals of time when no one occupied the place. It was incumbent upon appellant to show that either in person or by his tenant the place was continuously occupied from the time he entered, or at least, for more than fifteen years. Nothing short of such showing will suffice. He can not add the disconnected periods of his own occupancy so as to make up the necessary fifteen years. Any break in the chain of his possession destroys all possession pre-

viously held, and he can only date his claim as far back as he is able to show a continuous occupancy.

We are of opinion that the proof failed to show a continuous possession on the part of appellant and those holding under him, and for this reason the judgment of the lower court is affirmed.