## Logan v. Williams.

(Decided June 4, 1914.)

### Appeal from Whitley Circuit Court.

1. Ejectment—Title—Proof—Adverse Possession.—In an action in ejectment, plaintiff must recover on the strength of his own title, and must show either a title of record or by adverse possession for the statutory period.

2. Adverse Possession—Requisites—Continuity.—To acquire title by adverse possession, the possession must not only be actual, but so

continuous as to furnish a cause of action every day during the whole period.

3. Ejectment—Title—Adverse Possession—Evidence—Peremptory.— In an action in ejectment where plaintiff failed to show a title or record or by adverse possession for the statutory period, it was error to submit the case to the jury.

STEPHENS & STEELY for appellant.

H. C. GILLIS for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Plaintiff, J. C. Williams, brought this suit in ejectment against defendant, Jop Logan, to recover a tract of 50 acres of land lying in Whitley County. The jury returned a verdict in favor of plaintiff. Judgment was entered accordingly, and defendant appeals.

Plaintiff introduced the following surveys and conveyances:

1. Survey made by John Berry, August 16, 1821.

2. Deed from Dempsey White, by Commissioner, to James T. Curd, September 22, 1843.

3. Deed from James T. Curd to Mary A. Noe (Mary A. Williams), dated August 12, 1854.

4. Deed from Mary A. Williams to J. Curd Williams, dated March 4, 1897.

5. Deed from heirs of James T. Curd, by Commissioner, to Curd Williams, dated June 24, 1907.

It appears that the deed of 1854 from James T. Curd to Mary A. Noe, and the deed of 1897 from Mary A. Williams (nee Noe) to J. Curd Williams, were set aside by the court in the division of the estate of James T. Curd. The same land was subsequently conveyed to plaintiff, J. Curd Williams, in the division and settlement of James T. Curd's estate. As no deed from John Berry to Dempsey White was produced, it follows that plaintiff failed to make out a title of record. In an action of ejectment it is necessary for plaintiff to recover on the strength of his own title. In order to do this, he must show either a title of record or a title by adverse possession. To acquire title by adverse possession, the possession must not only be actual but so continued as to furnish a cause of action every day during the whole period. White v. McNabb, 140 Ky., 828. While plaintiff introduced two rent contracts covering the land in question, it was not shown

that the tenants actually occupied the land or cultivated it, or that it was actually under fence for the statutory period. As several tracts of land are conveyed and separately described in the deeds under which plaintiff claimed, he might have shown title by proving that his tenants actually entered on tracts adjoining the tract in question and embraced in the deeds under which he claims, with the intention of claiming and holding the tract in controversy, and that they did so claim and hold it for the statutory period. This, however, he failed to do. As plaintiff failed to show adverse possession for the statutory period, it follows that the court erred in submitting the case to the jury.

Judgment reversed and cause remanded for new trial consistent with this opinion.