## Taul, et al. v. Brickey, et al.

(Decided March 9, 1920.)

### Appeal from Breckinridge Circuit Court.

1. Adverse Possession—When Parol Grant Will Create Title.—A parol grant of lands, which the grantee continuously and peace-

ably holds actual possession of under a claim of ownership for fifteen years, will create title in the grantee.

2.    Evidence—Transactions With Deceased Person—Warrantor of Title.—A party, who warrants the title to lands, in an action between the grantee and another touching the right to the lands, is not a competent witness to testify, concerning verbal statements of, or transactions with his vendor, who is dead, when the testimony is offered to be given, but, one, who has no pecuniary interest in the recovery, may testify concerning transactions with a deceased person.

W. S. BALL for appellants.

GUS BROWN for appellees.

OPINION OF THE COURT BY JUDGE HURT—Reversing.

In 1886, Vicissimus C. Pate, was the owner of two tracts of land in Breckinridge county, which adjoined. One tract contained one hundred and thirty-four acres, and the other, eighty acres. He resided upon the former tract, and it is called, in the evidence, the "home tract." The other is called, the Hardin tract. He had five children, who at that time resided with him, whose names were, George A., Oscar F., Alvin J., Ernest and Settie, respectively. Settie is one of the appellees, she having intermarried with Frank Brickey, the other appellee. In 1886, he conveyed to his son, G. A. Pate, twenty acres of the "home tract," and fifteen acres of the Hardin tract, including the two pieces of land in one boundary, containing thirty-five acres  The deed conveyed the twenty acres as a gift, while the fifteen acres were conveyed for the sum of $202.50.  On November 28, 1890, G. A. Pate sold the thirty-five acres, which had been conveyed to him by his father, and conveyed it to Oscar F., and Alvin J. Pate, jointly, for the sum of $600.00 after having erected a dwelling and other improvements, upon it. About the same time, the elder Pate had arranged to give to Oscar Pate, seventeen and one-half acres of the Hardin tract, and to sell to him another seventeen and one-half acres of the same tract, for the sum of $202.50, but, when Oscar F., and Alvin J. Pate had become the owners of the thirty-five acres by conveyance from G. A. Pate, the elder Pate, then gave to Oscar F., and Alvin J. jointly, the thirty-five acres of which he had contemplated selling to Oscar F., one-half, and making a gift to him of the other one-half. The thirty-five acres

of the Hardin tract, which he thus gave, by parol, to his sons, Oscar F., and Alvin J., adjoined the thirty-five acres, which he had, theretofore, conveyed to his son, G. A. Pate. The thirty-five acres were surveyed and the limits of it definitely fixed, and possession of it was delivered to Oscar F. and Alvin J., but, the elder Pate never executed any deed of conveyance or other writing to them, evidencing the transaction. On August 16, 1902, Oscar F. Pate, for the recited consideration of $400.00, conveyed to Alvin J. his undivided one-half interest in the thirty-five acres of land, which had been conveyed to him by G. A. Pate, and also, his "inheritable interest, prospective and undivided interest," which he might have in the "home tract," and, also, in the Hardin tract. On December 24, 1897, the elder Pate partly in consideration of $150.00, which Ernest then paid him, and partly as a gift, sold, to Ernest, the remaining thirty acres of the Hardin tract, and put Ernest into possession of same, but, never conveyed same to him by any deed or writing. On September 21, 1909, Ernest sold, for the sum of $350.00, and, by deed, conveyed to Alvin J. Pate, his "inheritable, prospective and undivided interest," which he had or might have in both, the "home tract," and the Hardin tract of land, and, by some unexplained mistake, also, conveyed to him by the same deed, an undivided one-half interest in the thirty-five acres of land, which the elder Pate had conveyed to G. A. Pate in 1886, and which G. A. Pate had conveyed to Alvin J. and Oscar F. on the 28th day of November, 1890, and one-half of which Oscar F. had conveyed to Alvin J. on August 16, 1902. On October 18, 1909, Settie Brickey, for the consideration of $450.00, conveyed her interest in the "home tract" to A. J. Pate, but made no reference, therein, to any interest which she had, or claimed in the Hardin tract. On October 28, 1917, G. A. Pate, for the recited consideration of $200.00, sold and conveyed his entire interest, in both tracts of land, to Alvin J. Pate. The elder Pate died in 1907, and Settie Brickey, who then resided on the "home tract," remained in possession of it, and Ernest Pate continued in the possession of the thirty acres of the Hardin tract, which had been given and sold to him by his father, and Alvin J. Pate continued in the actual possession of the thirty-five acres which had been conveyed to him and Oscar F. by Geo. A. Pate, and, also, of the thirty-five

acres of the Hardin tract, which the elder Pate had given to him and Oscar F. jointly, until the autumn of the year, 1909, when Settie Brickey and Ernest Pate executed the deeds, above mentioned, to Alvin J., when Settie Brickey removed from the lands, giving the entire possession of same to Alvin J., who remained in possession of both tracts of land, until his sale of them to the appellants, Taul, in the year, 1917. On November 13, 1917, Alvin J. sold and, by deed, conveyed both tracts ·of land to, the appellants, and put them in the possession of same. While the negotiations for the sale were under way, the services of a lawyer were secured to examine the title. The lawyer discovered, that the deed, which Settie Brickey and her husband executed to Alvin J. Pate, did not convey any interest, which Settie was supposed to have inherited from her father ·in the Hardin tract of land, and which appeared, on account of the fact, that the elder Pate had only made a conveyance for fifteen acres of the Hardin tract. Alvin J. contended, that she did not have any interest in the Hardin tract, but, for the purpose of completing a record title, the lawyer prepared a deed covering any interest, which she might have in that tract of land, and sent it to her, by mail, with a letter of explanation, and requesting, that she sign and acknowledge same. Directly, the husband of Settie, appeared upon the scene, accompanied by a man, who was famous for his litigious character touching real estate, and, after an examination of the various deeds, Brickey and his wife refused to execute the deed as requested by the lawyer. The appellants then instituted this action against Settie Brickey and her husband, in which they alleged, that they were the legal owners and in possession of all the lands, but, that Settie and her husband were claiming the ownership, by Settie, of an undivided one-fifth of the Hardin tract of land, adversely to the rights of appellants, and asking, that their title thereto ' be quieted. Afterward, by an amended petition, they averred, that Alvin J. Pate had purchased appellees' entire interest in all the lands, to which her father held title at his death, and which included both tracts of land, but, by fraud or mistake on the part of the draftsman of the deed, it was so written as to appear to embrace her interest in the "home tract" only, when it was intended to cover and convey her entire interest in all the real estate, which had been owned by her father  The ap-

pellees, by answer, denied the ownership of an undivided one-fifth interest in the Hardin tract by appellants, and asserted ownership to same by appellee, Settie, and prayed, it be alloted to her. The trial court upheld the contention of appellees, and adjudged, that Settie was the owner of an undivided one-fifth of sixty-five acres of the Hardin tract, which was indivisible, and that the sixty-five acres be sold and the proceeds be divided between appellants and Settie, and from the judgment, the appellants have appealed.

The theory of the appellants as to the rights of the parties as developed by the evidence, is, that the father, Vicissimus C. Pate, during his lifetime, by sales and gifts to his sons, disposed of the entire Hardin tract of land to them, and twenty acres of the "home tract," and hence, there was no interest in the Hardin tract of which appellee, Settie Brickey, could be the owner, but that it was the father's purpose, and so understood by her and acquiesced in by all of his children, that the daughter, Settie, should have her entire interest in her father's lands, allotted to her out of the "home tract," and the allottment to be of sufficient value to make her portion, in the "home tract," equal to the combined interests, received by either of the sons, in both, the Hardin and the "home tract," and then, as a matter of course, what remained of the "home tract," would be subject to an equal division between the five children, but, as the matter was worked out, no division or allotments were ever made, but each of them disposed of his interest by sale, to Alvin J. Pate, but, in contemplation of the understanding between them as to their rights; and that, in the sale made by Settie Brickey to Alvin J., she sold her entire interest in the lands, and intended to part with her title to her entire interest, and, in so doing, her interest in the "home tract," was estimated as being an equal one-fifth thereof, and, in addition thereto, such a further portion of it as would make her interest equal in value to the interest therein, which either of her brothers would receive with the value of any advancement made to him, out of the Hardin tract, added to it, and thus, be an equal one-fifth portion of the real estate, which was inherited from the father, when the advancements, made by him, were added to the value of the lands, of which, he died the owner. It is insisted, that when Settie Brickey made the deed, it was intended, by

her and so understood by Alvin J., that it conveyed to him all the interest, which she had in all the lands, but, as it was understood, that she had no interest in the Hardin tract; by mistake, the draftsman omitted, from the deed, the terms necessary to convey her apparent legal title to the lands, embraced in the Hardin tract, to which the father had not made a conveyance, and confined the terms of the deed to her title to the lands, within the "home tract." The draftsman of the deed died before the commencement of the litigation, but, Alvin J., testifies, that he purchased her entire interest in all the lands, and that it was intended, that the deed should convey same, and Ernest Pate testifies, that she said to him in 1911, that she had made a similar sale to the one, made by him, which was a sale of his entire interest in both tracts of the land. Settie Brickey denies, that Alvin J., had any conversation with her about the sale, at all, or that she made the statement to Earnest about which he testifies, but, that the sale was made by her husband as her agent, and the husband testifies, that nothing was said in the negotiations about the Hardin tract. There is no evidence in the record as to the value of the interest in the lands conveyed by Settie Brickey to Alvin J. at the time of the sale, except, that Alvin J. testifies, that the sum, paid by him to Settie, was in excess of the value of one-fifth of the portions of both tracts of land, which remained after the conveyance, by his father, to G. A. Pate; and Ernest Pate testifies, that he sold his entire interest in both tracts of land, within a few days of the time of the execution of the deed by Settie, for $350.00, and that same was a fair price for an undivided one-fifth interest, which he owned. In 1917, G. A. Pate, sold his interest in both tracts of the land, less the thirty-five acres, conveyed to him in 1886, for the sum of $200.00. In estimating the value of his interest in the remainder of the two tracts of land, it would be necessary to deduct from it the value of the twenty acres, advanced to him in 1886. There is no evidence as to the value of that twenty acres at the time, it was advanced, but, it is a matter of common knowledge, that real estate had advanced very largely in price since the year, 1886, and, with that fact in view, it is very apparent, that the twenty acres did not exceed $200.00 in value at the time, it was advanced, which added to the $200.00 for which he sold his entire interest in the remainder of

the lands in 1917, would indicate, that his entire interest did not exceed $400.00 in value.

The trial court, seems to have rested its decision upon the opinion, that the testimony of Alvin J., Oscar F., and Ernest Pate, touching transactions with their father, who was dead at the time, their testimony was given, was incompetent, as being the evidence of one in his own behalf, concerning verbal statements of, and transactions with, and acts done and omitted to be done, by one, who was dead, when the testimony was given, as provided by section 606, subsection 2, of the Civil Code. That, Alvin J. Pate, who had warranted the title to the interests, in the lands, in controversy, to the appellant, while not a party to the action, was so interested in the result of it, as to disqualify him, as a witness, to testify concerning any verbal statement of, or any transaction with, or any act done or omitted to be done by his father, there is no doubt. Oscar F. Pate would, also, be incompetent to testify, concerning the statements of and his transactions with his father, touching the gift made to him and Alvin J. by the father, of the thirty-five acres of the Hardin tract, or that he or Alvin J. held the possession of same during the lifetime of the father, as Alvin J. is claiming the ownership of the thirty-five acres, by reason of the parol gift to him and Oscar J. by their father, and their actual possession of same during the lifetime of the father. Neither is Ernest competent to testify concerning the sale and gift to him by his father of the remaining thirty acres of the Hardin tract, nor of his payment to his father of the $150.00, which he claims to have paid, nor his possession of the land, under the parol grant during the lifetime of the father. Smith v. Beswick, 113 Ky. 439; Apperson v. Exchange Bank, 10 R. 943; section 606, subsections 2, 7; Arthur v. Humble, 140 Ky. 56; Winston's Admr. v. Spinks, 163 Ky. 251; Shoptow v. Ridgeway, 22 R. 1495; Henry v. Kline, 93 Ky. 358. It is not, however, apparent upon what ground, that Ernest is incompetent to testify, concerning the transaction between the father and Alvin J. and Oscar F. whereby the parol gift of the thirty-five acres was made to them, and their adverse possession of same thereafter, as he never had any interest in that portion of the land, and does not now have any, or the result of the litigation touching same, and by the terms of his deed, he only warranted the

title to such interest in the lands, as he inherited from his father, be it much or little. Each of them may tes-, tify, as to their acts with relation to the lands, since the death of the father. The deed made by Oscar F. as to the interests, in the lands, which he thereafter expected to inherit, from his father, who was then alive, did not convey anything, nor would he be bound upon the warranty, for the attempted conveyance of such interests. Spacey v. Close, 184 Ky. 523, and cases there cited. He is not, however complaining and acquiesces in the conveyance made by him.

The testimony of Ernest proves, and there is no contradiction of it, that the elder Pate caused the thirty-five acres of the Hardin tract, which he gave to Alvin J. and Oscar F., jointly, to be measured, and placed them in actual possession of it, and they jointly held same, as their own, until 1902, when Oscar F. sold his interest in same to Alvin J. who thereafter, remained in the actual possession, until 1917, a period of twenty-five years, and as Settie says to her knowledge, for thirty years. From the time of the gift until the death of the elder Pate, was more than fifteen years, and hence the legal title had matured in Alvin J. before the death of his father. When one and those under whom he claims title, holds the actual possession of real estate under a parol gift, claiming to own it, the possession is adverse to the grantor and will mature a legal title, after the statutory period of fifteen years. Owsley v. Owsley, 117 Ky. 47; Thompson v. Thompson, 93 Ky. 435. Hence, when the elder Pate died, he had the legal title to only thirty acres of the Hardin tract, and an interest in this portion only could have descended to Settie Brickey. George A. Pate and Ernest would be entitled to share the thirty acres' with her. Alvin J. and Ernest, being incompetent to testify, concerning the transaction, between Ernest and his father touching the sale of the thirty acres of the Hardin tract to him, there is no evidence to support the claim, that a parol grant of the thirty acres was made to Ernest by the father The evidence, however, conducing to prove, that Ernest was in the actual possession of the thirty acres, claiming to own same, after the death of the father and that he sold to Alvin J. Pate, who remained in the actual possession of it, until he made the sale to appellants, in 1917, is not contradicted. Neither

is the statement of Ernest, that Settie had knowledge of his possession and claim, and acquiesced therein, and that Settie, through the agency of her husband, attempted to purchase same from him, after the death of the father, nor that Settie and her husband knew of the claim of Ernest, from the father having showed the thirty acres to the husband of Settie, as the lands of Ernest, contradicted. The relations of the brothers to Settie, and the residence of the brothers and Settie upon the lands, precludes the idea, that Settie was not fully aware of all these transactions, and that same were consented to by her. Hence, the interest, which Settie could claim in the Hardin tract, was not one-fifth of sixty-five acres, but, one-third of the thirty acres.

The deeds made by G. A., Oscar F. and Ernest, respectively, to Alvin J., conveyed to him, their respective right, title and interest, in both tracts of land, and there is no suggestion made, as to why, after having purchased all other interests, in both tracts, that he should pay to Settie, a greater price, than to either of the others, for her interest in the "home tract," alone. All the facts of this case considered, the price paid to Settie, her knowledge of the previous transactions, regarding the land, Alvin J.'s possession and use of all the Hardin tract for such a length of time, without objection from her, and the further fact, that although living nearby, she set up no claim to any interest, in the Hardin tract for more than eight years after she made the deed to Alvin J. and not until her attention was called to the fact, that the father had not made deeds to sixty-five acres of the Hardin tract, make it perfectly apparent, that the claim of her and her husband to an interest in same, was an afterthought, and that the deed by her to Alvin J. was intended to convey to him all the interests, which she had, at that time, or appeared to have in the lands to which her father held title at his death, and having accepted an interest, equal to her entire interests, in all the land, which her father had title at his death, in the "home tract," alone, and received, the value of it, in the sale made by her, she can not now claim same, and retain the price, too, and the appellants were entitled to the relief sought by them.

The judgment is therefore reversed, and cause remanded for proceedings consistent with this opinion.