### Meek, et al. v. Davis.

(Decided September 24, 1920.)

#### Appeal from Johnson Circuit Court.

1. Damages—Injury to Real Property.—Where in suit for damages to real property, it was apparent from pleadings filed by the de-

fendants and offered by a third party, that the real issue was one of title between the plaintiff and the third party under whom defendants admitted the acts complained of, the court erred in rejecting pleadings of defendants and the third party to be made a party to the action; but where defendant is not prejudiced and the third party has not appealed, a reversal will not be ordered because thereof.

2. Adverse Possession—Title.—The adverse possession that will ripen into title after the statutory period must be continuous.

3. Adverse Possession—Title.—Any break within the statutory period in the continuity of the actual adverse possession is fatal to title.

4. Adverse Possession—Actual Possession.—Evidence that another for claimant, who was not in the actual possession, had control for him during the period of his absence for six months, insufficient to prove adverse possession during the period.

HOWES & HOWES for appellants.

VAUGHN & HARRINGTON for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

The plaintiff, now appellee, Lon Davis, filed this action against appellants, Asa Meek and John Welch, to recover damages for the destruction of a dwelling house which he alleged belonged to him.

Defendants, admitting that they took down and removed the house, denied plaintiff's ownership, alleging that it was the property of B. L. Davis and that he had employed and directed them to tear it down.

The reply traversed the affirmative allegations of the answer.

Defendants then filed amended answer and cross-petition against B. L. Davis. The court refused to permit this pleading to be treated as a cross-petition. Thereupon B. L. Davis tendered an answer and counterclaim and a petition to be made a party defendant, in which, after denying plaintiff's ownership, he averred that he was the owner and in possession of the destroyed house, that he directed and employed defendants to remove same and was liable to them for any sum that plaintiff might recover from them and that the plaintiff was insolvent. The court did not permit either of these pleadings to be filed. Upon a trial, plaintiff recovered a verdict and judgment for $525.00, including both compensatory and punitive damages, and defendants have appealed.

The plaintiff is the son and defendants are sons-in-law of B. L. Davis.

It is quite apparent from the pleadings that the real and only issue, aside from the value of the house which is merely incidental, is the title to a small tract of land, and that the real parties to the controversy are the plaintiff, Lon Davis, and his father, B. L. Davis. We are therefore of the opinion that the court erred in refusing to file pleadings of defendants and B. L. Davis, making him a party (Civil Code sections 18 and 23; Le Moyne v. Anderson, 123 Ky. 584); but as this error does not seem to have been prejudicial to defendants, and B. L. Davis does not complain thereof, the reversal, that must be ordered upon other grounds, cannot be rested thereon.

It is admitted that the small tract upon which the destroyed house was located is within the boundaries of the farm conveyed in 1870 to B. L. Davis by deed duly recorded; that so far as the record is concerned the title is still in him; that he has resided upon the farm within about two hundred feet of the destroyed house for more than thirty years, and with his wife, Mary E. Davis, until her death eleven years ago.

Plaintiff seeks to establish title to the small tract upon which the house in question was located under parol gift from his mother followed by adverse possession for more then fifteen years. He testifies that more than twenty years ago his father conveyed his entire farm to a son, Charles Davis, who in turn conveyed it to his mother, Mary E. Davis; that thereafter and more than sixteen years before this action was filed, his mother and father as a gift and in consideration of $75.00 which he paid to another of their sons for them, staked off the house and lot in controversy and gave same to him; that he immediately entered upon and took posssesion thereof and that continuously from that day he has been in possession thereof, claiming same adversely to and with the knowledge and consent of his mother and father.

The plaintiff, however, admits that upon two occasions within the fifteen years he claims to have held the property adversely, he moved off of, and remained away from same. The first time was for the purpose of raising a crop when he moved his family and all his effects to a farm about a mile distant, where he remained for the cropping season and then moved back into the house in controversy. Upon the other occasion he moved into the house of his father and mother, where he remained about three months, to help take care of his father who was sick, but upon this occasion he did not move all of his household effects. He claims that upon both of these occasions

he left the house in question temporarily and with the intention of returning in a short time; that when he was away for the purpose of raising a crop he left the property in charge of his mother, who died some ten or eleven years before this action was filed, and that while he was away the last time he had charge and control of the property himself.

We cannot agree that this evidence, which was the strongest for the plaintiff upon the question of adverse possession, was sufficient to carry the case to the jury. No rule of law is better established than that the adverse possession which will ripen into title after fifteen years must be continuous; and in innumerable cases we have held that any break in the actual possession, no matter how short the period, is fatal to the claim of title. Some of the many cases so holding are Collins v. Flynn, 155 Ky. 717, 160 S. W. 496; Barr v. Potter, 57 S. W. 478, 22 R. 416; Logan v. Williams, 159 Ky. 412, 167 S. W. 124; Ashcraft v. Courtney, 121 S. W. 625; Hall v. Hall, 179 Ky. 370, 200 S. W. 611; Owsley v. Owsley, 117 Ky. 47, 77 S. W. 397.

The attempt to prove adverse possession through the agency of his mother during the first period of plaintiff's absence is futile, regardless of whether the title was in her or her husband, with whom she resided apart from the land in controversy, even if she could have held for claimant adversely to her own or her husband's title, because she was not in the actual possession of any part thereof; and also because the evidence upon which her possession for. plaintiff is predicated was clearly incompetent under section 606 of the Code and should have been excluded when objected to by defendants.

So whether the title was in plaintiff's mother as claimed by him or in his father as claimed by defendants and as appears of record, there was at least one break of some five or six months within the statutory period, in the continuity of his adverse possession, and the court erred in overruling defendant's motion for a directed verdict.

Since for this reason a reversal must be ordered, we do not pass upon the other alleged errors.

Wherefore the judgment is reversed and the cause remanded for another trial consistent herewith.