## H. B. Jones Coal Company v. Mays.

(Decided May 29, 1928.)

### Appeal from Lee Circuit Court.

1. Jury.—Action to recover damages for trespass by mining coal from plaintiff's land, wherein answer set up statute of limitations and defendant's ownership of minerals, was triable by jury, and court did not err in denying motion to transfer it to equity.

2. Mines and Minerals.—In action for trespass by mining coal from certain land, evidence held sufficient to take to jury question whether plaintiff acquired title thereto by adverse possession of himself and one under whom he claimed.

3. Adverse Possession.—Separate and distinct possessions may be tacked together by contract or otherwise, even if transferor of possession is mere intruder, providing there is privity between possessors and they hold adversely to real owner without interruption.

4. Adverse Possession.—Generally, formal conveyance is not essential to establish privity between successive possessors of land, if they claim under each other in some sufficient way, as under oral contract accompanied by actual possession.

5. Adverse Possession.—Oral contract for purchase of land is not void, though unenforceable under statute of frauds, and may be proved to establish privity between vendor and purchaser claiming title by adverse possession of himself and vendor in his action for trespass; essential fact being continuity of adverse possession.

6. Adverse Possession.—Oral evidence is admissible to show adverse possession.

7. Adverse Possession.—Testimony as to oral contract for purchase of land is competent to connect parties' successive occupancies in trespass by purchaser claiming title by adverse possession.

8. Adverse Possession.—If hiatus occurs between occupancies of successive claimants of land, rights of true owner constructively intervene and another possession must start anew to establish title by adverse possession.

9. Adverse Possession.—A general allegation of ownership of land may be supported by proof of adverse possession alone.

10. Mines and Minerals.—Right to mine coal having been severed by owner of land before accrual of title in one suing for trespass by mining of coal therefrom, plaintiff's possession was limited to surface and for benefit of mineral owner, not inconsistent with or adverse to mineral estate, so that he cannot recover damages for coal removed.

11. Mines and Minerals.—Where underlying minerals are severed from surface, by grant or reservation, surface owner holds subject to mineral owner's right to mine thereunder, but latter must leave support sufficient to maintain surface in natural state, though minerals are worth more than surface and mining operations are conducted with due care and skill.

12. Mines and Minerals.—If injury by subsidence of surface from removal of subjacent support by mineral owner may be repaired with reasonable effort and expense, measure of damages is reasonable cost of repairs, but if injury is permanent measure of damages is difference between market values of surface before and after injury.

GOURLEY & PARRISH for appellant.

E. B. ROSE and C. D. STAMPER for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

This action was instituted by R. W. Mays against the H. B. Jones Coal Company to recover $1,500 in dam-

ages for trespass committed by mining coal from a 3½ acre tract of land claimed by the plaintiff, and for injury to the surface thereof by subsidence of the soil. Mays alleged in his petition that he was the owner and entitled to the possession of the land; that the defendant forcibly entered thereon and removed coal, thereby causing cracks and fissures to be made in the surface. Demurrer to the petition was overruled, and in its answer the appellant denied the allegations of the petition, and by appropriate averments relied upon the statute of limitations and upon ownership of the minerals involved as a complete defense to the action. A reply traversing the affirmative allegations of the answer completed the issues. A motion to transfer the case to equity was denied. On a trial before a jury the court submitted the issue of ownership of the plaintiff based solely on adverse possession but did not submit the claim by defendant of ownership of the minerals. The jury found a verdict in favor of the plaintiff, allowing him $40 for coal taken and $25 for injury to the surface. The present appeal is from the judgment entered upon that verdict.

Complaint is made of refusal to transfer the case to equity, denial of a peremptory instruction requested, erroneous instructions given, admission of incompetent evidence, and that the evidence was insufficient to sustain the verdict. The action was to recover damages for trespass, and the answer presented no equitable defense. The case was triable by jury, and the court did not err in denying the motion to transfer it to equity. Bell v. Duncan, 196 Ky. 574, 245 S. W. 141.

It appeared in evidence that plaintiff had no record title to the property, but relied solely on adverse possession. He testified that the tract of land in controversy was, and had been, continuously, under fence since March or April, 1907, which was more than 19 years prior to the filing of the suit. He and others assisted H. K. Gray, to build the fence at the time stated. Gray kept up the fence until 1915, when appellee purchased the land from Gray, was placed in possession by him under an oral contract, and has since kept under fence the tract of land in controversy. Mays further stated that he had grown a crop on the land each year, and that during the years it was held by Gray it was likewise cultivated. Gray testified that he fenced the property originally in the spring of 1907, and cultivated it regularly for 8 years until he sold out to Mays and placed him in possession of the land.

The evidence was sufficient to take the case to the jury on the question of adverse possession by the plaintiff and the one under whom he claimed, if the verbal purchase from Gray was sufficient to connect the two separate possessions. It is the rule in this state that separate and distinct possessions may be tacked together, provided there is privity between the possessors and they hold adversely to the real owner without interruption. In Bowles v. Sharp, 4 Bibb 550, it was held that adverse possession might be transferred from one to another and continued so as to toll a right of entry. A mere intruder might thus transfer his possession. In Shannon v. Kinney, 1 A. K. Marsh. 3, 10 Am. Dec. 705, it was stated that it made no difference whether the possession be held uniformly under one title or at different times under different titles, provided the claim of title be always adverse to the real owner. It is immaterial whether the possession be held by the same or by a succession of individuals, provided the possession be continuous and uninterrupted. To the same effect are Shannon v. Dickenson, 1 A. K. Marsh. 5, Fox v. Hinton, 4 Bibb 559, and Thomas v. Harrow, 4 Bibb 563. In Hord v. Walton, 2 A. K. Marsh. 620, it was held that possession, when united with the possession of another from whom it was obtained, would be good if continued for the statutory period. The tacking of possession in that case, however, was based upon a decree. In Winn v. Wilhite, 5 J. J. Marsh. 521, it was held that it was not necessary that the possession should have continued in one person or in the same right, provided it had been adverse throughout, and when held by different persons there must be privity between them. The possession must be so blended as to make one continuous and entire occupancy, which may be done by contract or otherwise. In Adams v. Tiernan, 5 Dana 394, it was said that a purchaser was entitled to the benefit of the occupancy of the vendor. Cf. Dragoo v. Cooper, 9 Bush 629; Miniard v. Napier, 167 Ky. 208, 180 S. W. 363. In 2 C. J., sec. 66, it is said:

> "It is a rule of almost universal application that, if there is privity between successive occupants holding adversely to the true title continuously, the successive periods of occupation may be united or tacked to each other to make up the time of adverse holding prescribed by the statute as against such title."

The rule as to privity is stated as follows:

"In order that possession of successive occupants may be tacked, it is essential that privity either of contract, estate, or blood, should exist between the successive occupants. The entry of the succeeding occupant must be with the consent of his predecessor, evidenced by contract or by an act of the law passing the estate from the latter to the former. Different entries at different times by different persons between whom there is no privity or connected claim of rightful holding are but a succession of trespasses, and neither can furnish any support to the other. Each possession is a distinct and independent wrong for which an action may be maintained, and the facts that there is no appreciable interval between the possession of such successive holders and that the line of successive possession is practically unbroken and continuous are immaterial." 2 C. J., sec. 68.

This court has adopted the same rule. White v. McNabb, 140 Ky. 828, 131 S. W. 1021; Com. v. Gibson, 85 Ky. 666, 4 S. W. 453, 9 Ky. Law Rep. 205; Miniard v. Napier, supra. In Taul v. Brickey, 187 Ky. 375, 219 S. W. 430, it was held that where one and those under whom he claims title held possession of real estate under parol gift, it was sufficient to constitute adverse possession. The privity in that case was of blood, the possession being in the father first and the son thereafter. See, also, Hughes v. Owens, 92 S. W. 595, 29 Ky. Law Rep. 140; Slusher v. Howard, 88 S. W. 1109, 28 Ky. Law Rep. 122; Tucker v. Price, 29 S. W. 857, 17 Ky. Law Rep. 11; Illinois Steel Co. v. Budzisz, 106 Wis. 499, 81 N. W. 1027, 82 N. W. 534, 48 L. R. A. 830, 80 Am. St. Rep. 54. It is said that the privity of possession denotes merely a succession of relationship created by deed or other act or by operation of law, and requires only a continuous possession by mutual consent so that at no moment does the possession of the true owner constructively intervene.

In this case the privity was by oral contract accompanied by actual possession, and it is the general rule that formal conveyance is not essential, provided they claim under each other in some sufficient way. 2 C. J., sec. 71, p. 85. But it was stated in Arthur v. Humble, 140 Ky. 56, 130 S. W. 958, that one squatter could not convey his possession to another by parol, and that there must

be a conveyance in writing or some memorandum in writing signed by the grantor or the transaction was void. The statement was unnecessary in the decision of the case, as the court had already held that the testimony as to the oral purchase was incompetent and it was not otherwise proved. The opinion of the court shows that the remark was inadvertently made without reference to the authorities, with which it was wholly inconsistent and irreconcilable.

The statute of frauds has no application, as it is not an action to enforce the oral contract. It is mere evidence of the continuity of possession, and may rest in parol. 2 C. J., sec. 90.

Such a contract is not void, but may not be enforced because not in writing. Campbell v. Preece, 133 Ky. 572, 118 S. W. 373. But oral evidence is admissible to show adverse possession. Privity is a relationship, and may be established by proof of an oral contract, although the contract may have been unenforceable as between the parties. The essential fact is the continuity of adverse possession. The testimony as to the contract is competent to connect the occupancy of the successive claimants. If a hiatus occurred, the rights of the true owner constructively intervened, and another possession would have to start anew. Sackett v. Jeffries, 182 Ky. 700, 207 S. W. 454; White v. McNabb, 140 Ky. 828, 131 S. W. 1021; Logan v. Williams, 159 Ky. 412, 167 S. W. 124; Sparks v. Jackson, 142 Ky. 17, 133 S. W. 959.

We conclude, therefore, that the plaintiff's evidence was sufficient to require submission to the jury, whether he had acquired title by adverse possession to the tract of land which he claimed to have under fence.

The same reasoning and authorities dispose of the objection that the evidence was not competent in this case. The criticism of the petition is not justified, as it is our rule that a general allegation of ownership may be supported by proof of adverse possession alone. Asher v. Howard, 122 Ky. 178, 91 S. W. 270, 28 Ky. Law Rep. 1097; Kentucky Block Fuel Co. v. Roberts, 207 Ky. 137, 268 S. W. 802.

The instruction given correctly defined "adverse possession," but, for reasons presently to be stated, it should not allow recovery for the coal removed by the defendant, and should contain the correct measure of damages for injury to the surface, if any, which measure we shall later indicate.

Plaintiff's possession is limited to the surface and did not affect the right to mine the coal, as that right had been severed by the owner of the land prior to the accrual of any title in the plaintiff. It clearly appears from the evidence that the entire boundary was owned by the Sturgeon Land & Coal Company, under whom plaintiff himself held title to the adjacent land, subject to a reservation of the minerals. As the mineral estate was separate and distinct, possession of the surface was for the benefit of the owner of the mineral estate, and not inconsistent therewith or adverse thereto. Farnsworth v. Barret, 146 Ky. 556, 142 S. W. 1049; Asher v. Gibson, 198 Ky. 292, 248 S. W. 862; Foxwell v. Justice, 191 Ky. 753, 231 S. W. 509; Scott v. Laws, 185 Ky. 440, 215 S. W. 81, 13 A. L. R. 369.

It is obvious, therefore, that the plaintiff may not recover damages for coal removed by the owner of the mineral estate or any one else, as he cannot acquire title to the minerals by possession of the surface under the circumstances of this case.

It remains to determine whether the plaintiff is entitled to recover damages for subsidence of the soil. The general rule upon that subject is thus stated in 40 C. J., sec. 923, p. 1195:

"Where the underlying minerals are severed by grant or reservation from the surface, or two or more grants are made of mineral rights in different strata, the one who owns the surface land, or the higher stratum, holds subject to the right of the underlying owner to mine under it, and the latter has the right to take the mineral from the land, but not to destroy or injure the superincumbent soil, and in removing the minerals he must leave support sufficient to maintain the surface of such higher stratum in its natural state, although the mineral may be of more value than the surface; and this, of course, is particularly so where the grant or reservation contains a provision against injuring the surface. The right to subjacent support is absolute, and it is no defense in an action to recover for an injury to the surface that the mining operations were conducted with due care and skill, or even in the most approved manner." Drummond v. White Oak Fuel Co. (W. Va.) 140 S. E. 57; Cole v. Signal Knob Coal Co., 95 W. Va. 702, 122 S. E. 268, 35 A. L. R. 1134.

It is clear, therefore, that plaintiff, if he acquired title by adverse possession to the 3½ acres claimed, would be entitled to damages for any injury thereto caused by the subsidence of the soil resulting from a removal of the minerals. There is no proof in this record showing the extent of damages of that kind, but the jury allowed $25 on that account. As the judgment must be reversed, it is necessary to state the measure of damages to be applied in the event of another trial. If there should be sufficient proof of title and of injury by the subsidence of the surface resulting from removal of the subjacent support, and it appears that the injury may be repaired with reasonable effort and expense, the measure of damages is the reasonable cost of the repairs. On the other hand, if the injury is proved to be permanent, the measure of damages will be the difference in the market value of his surface before and after the injury was inflicted. 40 C. J., sec. 942, p. 1204. The evidence of damages should be confined to the elements indicated. All other questions are reserved.

Judgment reversed for proceedings consistent herewith.