## Fugate v. Martin et al.

(Decided Dec. 12, 1933.)

D. G. BOLEYN for appellant.

H. H. SMITH, WOOTTON & WOOTON and FRANCIS M. BURKE for appellees.

Opinion of the Court by Judge Richardson—Affirming.

Henry Fugate claims title by adverse possession of a portion of a 400-acre tract of land situated in Knott county, patentd by Esau Hammons in 1849. Archibald Fuller, the predecessor in title of Fugate, made a survey covering the land in controversy in 1870. His survey overlaps portions of the Esau Hammons survey and patent. Fugate claims that his title by adverse possession has ripened into a perfect title as against the Hammons patent and those claiming under it. The major portion of the evidence in behalf of the parties was directed to the identity and location of the beginning corner of the Hammons 400-acre patent. There is a variance in the boundary of the 400 acres, as it appears in the survey and entry, and in the patent. It is an established rule that, where such discrepancy occurs, the original entry and certificate control the calls, courses, and distances in the patent. The witnesses of Fugate located the beginning corner of the 400-acre patent where he claims it to be. Those in behalf of Martin identified a small, decayed, forked sugar tree as the beginning corner. As respects the sugar tree corner, there is no difference in the Hammons' entry and certificate, and the patent. The identity and location of the beginning corner at the forked sugar tree are abundantly established by witnesses claiming a personal knowledge of it for 60 years or more and, also, knowledge obtained of old citizens now deceased. The trial court accepted their testimony as to the identity and location of the beginning corner of the Esau Hammons 400-acre patent. The surveyors who have testified for the respective parties differ in their location, not only as to the beginning corner, but in other courses and distances; also, in location of the entire boundary of the land respectively claimed by the parties. Esau Hammons entered and obtained a patent for 1,500 acres adjacent to the 400 acres. According to the surveyors, testifying in behalf of Fugate, their boundaries overlap. Accepting surveys as made by the surveyors who have testified in behalf of Martin, this overlap of these patents disappears. The deed of Archibald Fuller to Solomon Fuller, a predecessor in title of Fugate, shows that the description of the Fugate land calls for the Delby Combs lines. The deed of Solomon Fuller to

William Combs calls for the lines of the Hammons 400-acre survey. Fugate's deed from Combs contains the same description of the land, and calls for the lines of the Hammons 400-acre survey. These deeds thus corroborate the testimony of the witnesses who locate the beginning corner of the Hammons 400-acre patent at the sugar tree and establish that Fugate's predecessors' deeds do not cover the land in controversy, and show his line runs with the outside lines of the Hammons 400-acre patent.

Fugate endeavored to establish title of the disputed land by 15 years' adverse, open, notorious, and continuous possession.

Adverse possession need not continue the whole 15 years in the same person. One claiming such possession is entitled to add his possession to those under whom he claims. Miniard v. Napier, 167 Ky. 208, 180 S. W. 363. However, to acquire title by adverse possession, it must be such as to give a cause of action for every moment of the 15 years, and, if the possession is broken, it must be counted from the break and not from the commencement of the possession. Ashcraft v. Courtney (Ky.) 121 S. W. 625. Any break in the possession destroys all possession previously held. Sparks v. Jackson, 142 Ky. 17, 133 S. W. 959. It is not required that the party, himself, live on the land; he may do so through tenants. Terry v. Loudermilk, 158 Ky. 353, 164 S. W. 959. In order to acquire title against an elder grant, the adverse possession must not only be actual, but so continue for the statutory period as to furnish a cause of action every day during that period. Courtney v. Ashcraft, 105 S. W. 106, 31 Ky. Law Rep. 1324; Ashcraft v. Courtney (Ky.) 121 S. W. 625; White v. McNabb, 140 Ky. 828, 131 S. W. 1021; Logan v. Williams, 159 Ky. 412, 167 S. W. 124; Id., 160 Ky. 641, 170 S. W. 22; Bibb v. Daniels, 183 Ky. 659, 210 S. W. 454; Meek v. Davis, 189 Ky. 64, 224 S. W. 659.

In Meek v. Davis, the claimant by adverse possession removed his family about a mile, and remained for the cropping season, then moved back. It was held this act constituted a break in his actual possession, which was fatal to his claim of title by adverse possession.

Fugate in his testimony claims that he paid the taxes, cut and removed timber from, and used, the dis-

puted land as he pleased, but "one year there was no body on it." His own testimony showing a break of possession for one year and failing to show adverse, open, notorious, and continuous possession for 15 years next following such break, falls far short of establishing his title by adverse possession.

It is argued in Fugate's brief that Martin's deed is champertous and void. It fairly appears that the case was not prepared on this theory. Anyway the evidence as to actual possession of the disputed land at the date of Martin's deed is not definite. The deeds under which Fugate asserts title, calling for the outside lines of the 400-acre patent, show no overlap of the land covered by his deed and the 400-acre patent, thus eliminates the claim that Martin's deed is champertous.

Judgment of the chancellor, being in harmony with our views, it is affirmed.