## French et al. v. Elkhorn City Land Co.

Feb. 12, 1943.

Burke & Sanders and Russell Vanover for appellants.

J. E. Childers and Stratton & Stephenson for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

Appellee instituted this action to enjoin the appellants from cutting timber on a tract of land containing approximately 862 acres, and to recover $500, the alleged value of timber theretofore cut and removed. By answer and counterclaim, the appellant Wallace asserted the ownership and possession of 375.28 acres of the above mentioned tract, basing his title upon adverse possession for more than the statutory period. French and some of the defendants, claiming to be his employees, filed a separate answer attempting to justify the cutting by the terms of a contract which French had made with Wallace, and eventually the litigation resolved itself into a contest between appellee and Wallace over the ownership of the land. The Chancellor, on the motion of appellee and over the objection of the appellants, granted an issue out of chancery, and at the conclusion of the testimony peremptorily instructed the jury to find a verdict for the appellee as to the land claimed by it "lying outside of and not included within the cleared or inclosed fields referred to in the evidence"; to award appellee nominal damages in the sum of $5 for timber cut from the land of which the Chancellor had thus adjudged appellee to be the owner; and to find that the appellee was also the owner of the land within the cleared and inclosed fields referred to, unless the jury believed from the evidence that Wallace had had the actual adverse possession thereof, claiming them openly and notoriously as his own for fifteen years or more preceding the date on which the action was instituted. The jury found for appellee on the only issue submitted to it for determination, namely, the ownership of the cleared and enclosed fields;

and the Chancellor entered a judgment adjudging appellee to be the owner of all the land in controversy, enjoining further trespassing, and awarding appellee the nominal damages stated.

It is obvious that French, though named as an appellant, has no real interest in the controversy, and for that reason we shall refer to Wallace as the appellant. In his behalf it is insisted that appellee failed to establish title deducible from the Commonwealth; that appellant established title by adverse possession to the 375.28 acres described in his counterclaim, and, at least, was entitled to have this issue as well as his claim to the cleared or enclosed fields, submitted to the jury; and that the Court permitted appellee to introduce prejudicial and incompetent evidence.

The 862 acre tract, a portion of which was claimed by appellant, is part of a boundary of 8,986 acres patented to Corley Smith & Co. by the Commonwealth on February 28, 1871. By a series of conveyances, including several commissioner's deeds, appellee traced its title directly to this patent. Appellant's argument that it failed to do so is predicated upon presumptions, which he asks us to share, among which are that if Corley Smith & Co. was a partnership, as recited in some of the deeds, it was equally owned by its four members whose names appear in one of the conveyances; and that when two of them conveyed an undivided one-fourth interest in the property, they retained, although the deed does not so state, an undivided one-eighth each. Other presumptions which appellant asks us to indulge are that Joseph H. Hill, who in the year 1875 had acquired an undivided interest in the property through a commissioner's sale, and Joseph H. Hill, Jr., who in 1885 was a party to a commissioner's deed of partition conveying the property to Joseph Hall, were not one and the same person; and that Joseph Hall, who was a party to the partition proceedings, claiming to be and recognized as a joint owner, had, in fact, no interest in the property. To arrive at the latter conclusion, it is necessary to construe recitations in prior commissioners' deed as indicating that Hill and Hall had been conveyed the same undivided interest by the same commissioner pursuant to a judicial sale and assignments of bid from the purchaser, and hence that Hall's deed was void. Since this is not a necessary construction of the recitations referred to,

we think that the presumption should be that the court officials, as well as the purchasers, were intelligent men, and that Hall and Hill were each vested with the proportionate ownership of the property which the deeds to them recited. Moreover, after appellee had shown a paper title deduced from the Commonwealth, it was encumbent upon appellant, if he desired to attack that title, to disprove the recited facts and legitimate presumptions therefrom, and this he made no effort to do. It would be destructive of the security of all titles if the owners, in order to retain them, were required at the instance of a "squatter" to prove the truth of the recitations contained in all the antecedent conveyances constituting links in the chain. Fortunately no such burden is cast upon them. American Jurisprudence, Vol. 18, Sect. 25, pages 27 and 28.

Appellant's other grounds urged for a reversal also are without merit. While it is true that the evidence shows that he moved on to a portion of the land claimed by him, built log houses thereon, several of which later burned, planted an orchard, and, in all, cleared about fifty acres, some of which he fenced, there is no satisfactory testimony that he marked the boundaries of the 375.28 acres claimed by him, the description of which was obtained by a survey which he caused to be made after the institution of the suit. Called by the appellee as a witness, and cross-examined, he was shown a deed dated January 7, 1927, purporting to have been executed by one Sol Hall and wife, conveying to him for a consideration of $500 one hundred acres of land indefinitely described. He was unable to remember anything about the deed, but claimed to have gotten another one from Dave and Sol Hall, which, however, he failed to produce. He testified that he thought he had paid Dave Hall a consideration consisting of whiskey. No attempt was made to prove title in the alleged grantors, and the only significant fact connected with the transaction was appellant's admission that the deed described the land in controversy, thus strengthening the suggestion gathered from the testimony as a whole that his claimed adverse possession of the entire 375.28 acres, surveyed after the institution of the suit, was an afterthought. But it is unnecessary to discuss appellant's claim to the land embodied within the outer boundaries of the tract, since, if he was unable to establish his continuous adverse pos-

session of the cleared or enclosed fields surrounding the house in which he lived, he could not establish title by adverse possession to the unenclosed and uncleared lands extending beyond. The issue, whether appellant had had the continuous uninterrupted adverse possession of the cleared or enclosed portions for the statutory period, the Chancellor, by aptly worded instructions which are not complained of, submitted to the jury. Thus it would seem that the only necessary inquiry is whether there was sufficient evidence to support the jury's verdict, adverse to appellant, and the Chancellor's approval thereof.

Appellant admitted that he moved away from the land on five occasions for short periods of time, but insisted that in each instance he left it in the possession of tenants or under cultivation by members of his family. On one of these occasions he was in Virginia. On another, he was confined in the penitentiary at Atlanta for approximately twenty months during which period his family was "supposed" to have been on the land. To some extent appellant's testimony was corroborated; but witnesses for appellee testified to facts indicating that on several occasions during the claimed period of adverse possession appellant's abandonment of the land had been complete. One of these witnesses testified that about nine years ago he visited the land claimed by appellant, found the house burned, no one on the place, and no cultivation of any kind. If appellee's witnesses testified truthfully, and no reason is apparent why their testimony should not have been accepted by the jury and the Chancellor, appellant did not maintain the continuity of possession which ripens into title through the operation of the Statute of Limitation. Among the many cases sustaining this conclusion are Fugate v. Martin, 252 Ky. 189, 66 S. W. (2d) 40; Flinn et al. v. Blakeman et al., 254 Ky. 416, 71 S. W. (2d) 961; Cassada v. Vanhook, 282 Ky. 383, 138 S. W. (2d) 1003.

Appellant further contends that the Court erred in permitting appellee's counsel to cross-examine appellant with reference to a lease from another land company not a party to the litigation. Since the purpose of the questions asked was to determine whether any portion of the land so leased was within the boundary claimed by appellant in the present litigation, and the witness's answer in the negative was apparently accepted as con-

clusive, we fail to perceive how, if the testimony was incompetent, appellant was prejudiced thereby. Appellant also insists that the Court should not have permitted testimony respecting a lease from the Elkhorn Land & Improvement Company appellee's predecessor, to Caleb Cantrell, appellant's father-in-law, under which appellee attempted to show that appellant had held possession through an arrangement with Cantrell's heirs following his death in 1916. However, the Chancellor refused to give to the jury appellee's tendered instruction covering this subject, from which it is obvious that he disregarded appellee's contention that appellant had entered under the lease. It is not likely that it could have played any part in the jury's decision, since the Court thus, impliedly at least, excluded it from their consideration. We are not prepared to say that this testimony was incompetent, but have no hesitancy in holding that it was not a determinative factor in the final decision which was the Chancellor's.

Judgment affirmed.