JUDGE ELLIOTT
delivered the opinion oe the court.
On the 10th day of April, 1873, J. E. Edwards made his last will and testament, and shortly thereafter died. This will was admitted to probate in the Warren County Court, and, after several mistrials in the Warren County Common Pleas Court, a judgment in favor of the will was rendered, which is here for revision by appeal.
After the verdict? and judgment of the court below, the appellants filed their grounds for a new trial, and offered to read the affidavit of one of the jury to prove that the verdict was the result of an agreement that such a verdict should be rendered as was favored by a majority of the jury. The objection of the appellee to the reading of this affidavit was sustained by the court, and appellants excepted. We are of opinion that the court properly rejected this affidavit. This court, as early as Doran v. Shaw (3 Mon. 415), decided that a juror could not be used to impeach a verdict rendered by a jury of which he was a member, and this decision has been followed -by similar rulings since.
The will in controversy was assailed on two grounds: It was denied that the testator had sufficient capacity to make *652 a will; but if mistaken in this, appellants say that the will was procured to be made by the undue influence of his wife, now C. W. Cannon.
The court overruled all the instructions asked by appellants, and gave but one instruction, which is marked D, and it is contended' that this instruction was erroneously prejudicial to appellants. By this instruction, among other things, the jury are told, “That the declarations of Edwards, proven in the case, are only competent evidence to show his mental condition at the time.” It seems to us, that the declarations of the testator were as much evidence to show the influences -by which he. was surrounded, and his affections for and prejudices against his wife and children, as to show his mental condition at the time of making his will. ■
By instruction D, while stating what amounts to undue influence, the court instructs the jury that: “It is such influence as is exercised by coercion, imposition, or fraud; not such as merely arises from the influence of gratitude, affection, or esteem. It must be the ascendency of another will over .that of the testator by reason of coercion, imposition, or fraud.” The jury may have construed this instruction to mean, that in order to defeat a will on the ground of undue ■influence,-the jury must believe that the undue influence must amount to force, imposition, or fraud. It is true that: “Undue influence is not that which is obtained by modest persuasion, or by arguments addressed to the understanding, or by mere appeals to the affections. It must be an influence obtained either by flattery, excessive importunity, or threats, or in some other mode by which a dominion is acquired over the will of the testator, destroying his free agency, and constraining him to do against his free will what he is unable to refuse.” (2 Greenleaf, 688.)
If therefore the testator’s wife, or others, had acquired such complete dominion over the mind of the testator as to destroy *653 free agency, and if this dominion was exercised to induce him to make a will, which if not under such influence' he would not have made, but which he could not and did not resist, then the will should not be probated, although no threats or other imposition or fraud or coercion were used to obtain its execution.
For these reasons the judgment is reversed, and cause remanded for further proceedings consistent with this opinion.