A. DANIEL, ET AL., *v.* G. W. HINES.

**Bills of Exceptions—Change of Remedy.**
> Subdivision 2 of Sec. 337 of the Act of February 27, 1878, Rev. Stat., authorizes the filing of bills of exceptions during the term at which the judgment becomes final, and though not in existence at the time the appeal is taken, since it affects the remedy only, it applies to it.

**Wills—Undue Influence.**
> Mere acts of kindness or persuasion are not sufficient to invalidate a will, but when the party charged with the exercise of undue influence has acquired such control over the mind of the testator as to direct its action against his will. with no power of the testator to resist, it amounts to undue influence. Actual coercion or threats need not be established.

APPEAL FROM BALLARD COURT OF COMMON PLEAS.

September 12, 1878.

OPINION BY JUDGE PRYOR:

By an act approved February 27, 1878, Subsec. 2 of Sec. 337, Revised Statutes, was so amended as to authorize the filing of bills of exceptions during the term at which the judgment becomes final. The act, though not in existence at the time the appeal in this case was taken, affecting as it does the remedy only, must be held to apply to it, and therefore the objection that no leave was given to file the exceptions at a particular day is not available. The second

section of the amendment applies the law to all appeals pending, or which may thereafter be prescribed.

The instructions are in direct conflict with the principles recognized in *Lucas v. Cannon,* 13 Bush 650. Undue influence, as defined in each of the instructions, is such as must have constrained and coerced the testator to sign and acknowledge the paper contrary to his own will. While those learned in the law understand the meaning of the word coercion and its application to the issue involved, a juror might well conclude that force must have been used, or threats such as would intimidate and compel the testator to sign the paper, before it amounted to undue influence. Mere acts of kindness or mere persuasion will not be sufficient to invalidate a will, but when the party charged with the exercise of the improper or undue influence has acquired such a control over the mind of the testator as to direct its action against his will, with no power on the part of the testator to resist, and such influence is operating on and controlling the action of the testator in the disposition of his property at the time he makes the will, it amounts to undue influence, and actual coercion or threats need not be established. One so much under the control of another cannot be said to have a disposing mind. It is not necessary that the party charged with exercising the influence should in person bring the influence to bear in the very act of devising, but it is sufficient if the influence is exercised before the will is actually signed. If the improper and undue influence is operating on the mind of the testator at the time, and causing him to make a will contrary to his own mind, the will has no validity. Instruction No. 2, that says "If George Hines brought such influence to bear in the very act of devising," etc., is misleading and should not have been given.

Instruction No. 6 is also erroneous. The court said to the jury that if they had doubts as to the sanity of the testator, and the evidence is in equipoise, the presumption of sanity arises. This, as an abstract proposition of law, is correct; but in what measure was it understood by the jury? If they doubted the sanity of the testator they may have regarded the evidence as equally balanced, and that the doubt should be resolved in favor of the propounders of the will. One of the issues in this case is, has the testator, of sound and disposing mind and memory at the time the alleged paper was executed, proof of the due execution of a will rational in its provisions, making out for the propounder a prima facie case? That

is, the law upon such a state of facts presumes the testator to have been of sound mind at the time of its exeution; and the burden is then shifted to those who are contesting the paper, and in such a case, when passing on the question of sanity, the jury must believe from a preponderance of the testimony that the testator, at the time he executed the paper, was of unsound mind, before they can find against the will on that issue.

The number of instructions given in this case was calculated to confuse the jury, and while every issue should be fairly presented, mere abstract questions of law should not be embodied in an instruction, in the proper application of which the lawyer is sometimes involved in doubt. For the reasons indicated the judgment is *reversed* and the cause remanded for further proceedings consistent with this opinion.

*C. S. Marshall & Son, J. D. White, for appellants.*
*Bugg & Bishop, for appellee.*