## Barton and Wife v. Sutton.

(Decided September 14, 1920.)

### Appeal from Whitley Circuit Court.

1. Easements—Passways—Finding of Chancellor—Evidence.—Evidence examined and held to sustain the chancellor's finding that defendant was entitled to a roadway over plaintiffs' land.

2. Appeal and Error—Easements—Roadway—Title to Timber and Other Material on Roadway.—The right to a roadway over another's land carries with it only the right to use and maintain the roadway, and not the title to the timber and all other material on the roadway, and a judgment to that effect is erroneous.

STEPHENS & STEELY for appellants.

R. L. POPE and M. A. GRAY for appellee.

Opinion of the Court by William Rogers Clay, Commissioner—Affirming in part and reversing in part.

Rosa Barton, the wife of G. T. Barton and the daughter of S. B. Hart, deceased, owns a tract of land in Whitley county, lying between the farm of R. B. Sutton and the public county road. These two tracts formerly constituted one body and were owned jointly by L. S. Sutton and E. R. Sutton. After using the land jointly for a number of years, the tract was divided, E. R. Sutton taking that portion which lay next to the public road, and L. S. Sutton taking that portion which lay in the rear of the E. R. Sutton boundary. Upon the death of E. R. Sutton his tract became the property of S. B. Hart, and upon the death of L. S. Sutton his tract became the property of his son, R. B. Sutton. Upon the death of S. B. Hart, his lands were divided, and Rosa Barton, his daughter, became the owner of his tract by virtue of a conveyance from her brothers, R. M. Hart and M. A. Hart, dated November 27, 1917, which reserved to R. B. Sutton a roadway over the land thirty feet wide.

This suit was brought by Rosa Barton and her husband to enjoin R. B. Sutton from using a roadway over their lands, on the ground that the provision in the deed giving him a roadway was inserted by fraud or mistake. Sutton filed an answer and counterclaim denying the allegations of the petition, and pleading the right to a roadway by virtue of an agreement between the former owners of the two tracts, and the subsequent adverse user thereof by himself and his predecessors in title. On final hearing plaintiffs were granted a portion of the relief prayed for and defendant was enjoined from using what is known as the ''Nevel's truck road,'' and from constructing, or attempting to construct, a road parallel to that road. On the other hand it was adjudged that defendant was entitled to a roadway, which was defined by the judgment, and also to any and all timber on said roadway. Plaintiffs appeal.

We see no reason to disturb the finding of the chancellor that defendant was entitled to roadway over plaintiffs' land. The evidence is practically uncontradicted that when L. S. Sutton and E. R. Sutton divided their lands it was agreed that L. S. Sutton was to have a thirty foot roadway from his lands through the lands

of E. R. Sutton to the county road. This road was well defined and was used by L. S. Sutton under a claim of right until about the year 1882, when the construction of the L. & N. railroad made the use of a portion of the roadway impracticable. In the meantime S. B. Hart, Rosa Barton's father, became the owner of the E. R. Sutton tract, and he and L. S. Sutton agreed on a change in the road. From that time on, for a period of about twenty-five years, the roadway as changed was used by R. B. Sutton and his father under a claim of right. Furthermore, it was not shown that the provision in the deed from R. M. Hart and others to Rosa Barton, reserving a roadway in favor of R. B. Sutton, was inserted by fraud or mistake. On the contrary it is clear that this provision was inserted with the knowledge and consent of all the parties, and even if not sufficient of itself to grant a right of way over the land, a question not decided, is a clear recognition of R. B. Sutton's existing right to a roadway. However, the right to an easement over the land in controversy carried with it merely the right to use and maintain the roadway, and not the absolute title to all the timber and other material on the roadway, and the judgment in this respect only is erroneous.

Wherefore that portion of the judgment granting the roadway is affirmed, but that portion giving to defendant the title to any and all material on the roadway is reversed, and cause remanded for proceedings consistent with this opinion, and the costs will be equally divided.