# Spencer et ux. v. Steele.

Nov. 26, 1943.

Joe P. Tackett for appellant.

Howard & Mayo for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

The appellants, Ballard Spencer and wife, Minnie, plaintiffs below, instituted this action against Will Steele to quiet title to a small strip of land described in the petition and said to contain ¾ of an acre. Mrs. Spencer is a daughter of K. F. Clark, deceased, and she and her husband purchased the interests of all other heirs in the land left by her father. The plaintiffs allege that they are the owners and in the actual possession of the land described in the petition upon which they aver the defendant is trespassing and is asserting title by saying that he is entitled to the possession thereof. The answer is merely a traverse in which defendant did not assert title or ask for any affirmative relief. After proof was taken by depositions the case was submitted to the chan-

cellor who dismissed the petition and this appeal followed.

Spencer and Steele are both country merchants whose stores are but a few hundred yards apart. The land in controversy is located on Mud Creek in a rural district and is not shown to be of any material value and the record intimates that commercial rivalry rather than the title to this small and insignificant strip of land brought forth this litigation. Both parties derived title through a common grantor, Lindsay Clark. K. F. Clark acquired title to a portion of the Lindsay Clark land and on Aug. 28, 1889, the former conveyed ¾ of an acre to the trustees of Common School District No. 71 of Floyd County so long as it was used for common school purposes, and when it ceased to be so used, it reverted to the grantor. This school lot was unfenced and on Nov. 12, 1914, James Clark conveyed to defendant, Steele, a certain tract of land adjoining it.

Some eight or ten years before this suit was filed on Nov. 25, 1939, the school lot ceased to be used for common school purposes and plaintiffs obtained title thereto by deed of May 26, 1931, from the heirs of K. F. Clark. Thereafter, a WPA road was built through it which plaintiffs contend cut off a small "V"-shaped piece of land from the school lot and placed it on the same side of the road upon which defendant's store is located, with the balance of the lot being left on the opposite side of the road. The land in dispute is this "V"-shaped parcel which is from 15 to 30 feet wide at its broadest point and it lies between defendant's storehouse and this new road. Defendant built an addition to this storehouse to bring it out to the edge of the road and plaintiffs claim that from 1-4 to 1-3 of this addition is on this small strip to which they assert title. Right at the end of this addition is a well which it is admitted defendant dug many years ago and it is located on the land in controversy.

In order to maintain an action to quiet title under KRS 411.120 it is necessary for the plaintiff to both allege and prove possession unless the defendant asserts title upon counterclaim and seeks affirmative relief, in which event the court will pass upon the superiority of title regardless of the failure of plaintiff to show actual possession. Justice v. Staton, 291 Ky. 179, 163 S. W. (2d) 471. An exception to this rule is that where the de-

fendant has seized and fraudulently appropriated the particular title under which plaintiff claims, in that event the plaintiff may maintain the action by showing ownership of the land although he cannot show actual possession. Williams v. Thomas, 285 Ky. 776, 149 S. W. (2d) 525. However, this exception has no application in the instant case since defendant did not assert title in himself but only denied that title was in plaintiffs.

The evidence fails to show that plaintiffs were in actual possession of the land in dispute at the time they brought this action. On the contrary, it shows defendant had been in possession thereof for many years and had dug a well in close proximity to his storehouse, and by recently extending the addition thereto onto this land. Therefore, the chancellor did not err in dismissing the petition.

The judgment does not disclose whether the chancellor dismissed the petition on the ground that plaintiffs failed to show actual possession of the land in controversy, or whether it was dismissed because plaintiffs' evidence did not establish their title thereto. If this latter was the reason the chancellor dismissed the petition, there is ample ground for sustaining the judgment.

The testimony of Ben Auxier, who surveyed and attempted to establish the division line between the school lot and defendant's property, is in direct conflict with the testimony of B. F. Elliott, who made a similar survey in an endeavor to establish the dividing line between these two properties. The testimony of each surveyor states the map made of his survey is filed as an exhibit with his deposition. As a matter of fact, neither of these maps appears in the record, and upon inquiry at the office of the clerk of this court we learn that no such maps have been filed. In cases of this character we often have great difficulty in determining which survey is correct and which establishes the true boundary line, and the maps filed by the different surveyors are usually of much assistance to us.

Here, we are asked to say that the chancellor's judgment is not supported by the evidence when we are denied the assistance of the maps showing the two surveys, which it is evident the chancellor relied upon. It is obvious that without the aid of these maps we cannot say the chancellor erred when he accepted the survey

made in behalf of defendant which showed that the land occupied by the addition to his storehouse is on his side of the true division line between his and plaintiff's property.

The judgment is affirmed.