## Price et al. v. Shadoan.

Dec. 15, 1944.

R. C. Tartar and J. S. Cooper for appellants.

J. M. Perkins and Gladstone Wesley for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

As a matter of convenience appellee, Kate Shadoan, will be referred to in this opinion as plaintiff and appellant, Audie Price, as defendant. The other appellant, Pat Patterson, was merely an employee of Price and as such was made a nominal defendant and no further reference need be made to him.

Plaintiff brought this action in equity to enjoin defendant from trespassing upon a tract of land described by courses and distances in the petition and to recover $500, and certain other specific smaller sums, as damages by reason of defendant removing monuments of boundary and fencing, which latter deprived her of the use of part of her land as well as the use of part of a pond where Miss Shadoan watered her stock. The case was transferred to the common law docket for trial. The jury found the lines to be located as claimed by plaintiff and awarded her $100 damages. The judgment established plaintiff's title to the land described in the petition which gave her a portion of the pond; and enjoined defendant from trespassing upon plaintiff's land and directed him to pay the $100 damages, and he appeals.

Plaintiff's farm contains slightly over 86 acres and immediately adjoining it on the west is a small tract of 9 acres owned by defendant. Both tracts formerly constituted one farm which was then owned by members of the Shadoan family. There is a pond located on the small tract, and plaintiff contends that her line crosses part of this pond which throws a portion of the water on her land. She had fenced a lane leading from her barn to the pond and, as we understand the record, Price by agreement took down the division fence so the fence row might be cleaned. When he started to put the fence back, beginning near plaintiff's barn, he set the posts 6 or 7 feet east of the old fence row and continued to bear to the east until he was 23 steps east of the old line when he reached an oak tree on the knob, so says Miss Shadoan, while Price says at this point he was only 15 or 20 feet east of the old fence row. The correct location of this line is the main issue in this controversy and the land in dispute is V-shaped and contains about 1¾ acres.

Plaintiff's proof was to the effect that for more than

40 years she and her predecessors in title had been in adverse possession of all land included within her exterior fences, which took in part of the pond; that no one ever questioned the title to the land or her right to the part of the pond she was using until defendant started to rebuild the fence he had taken down. Defendant's proof was that plaintiff's exterior fences were not on her true lines and she and those under whom she claimed had with permission of defendant and his predecessors in title, and not as a matter of right, put the fences beyond the lines called for in the deed and plaintiff had been permitted to water her stock at the pond as a matter of neighborly indulgence by the owners of the 9 acre tract. Thus a sharp issue was made for the jury, and it cannot with reason be argued that the verdict is flagrantly against the evidence.

After describing the land by courses and distances the petition avers that within plaintiff's boundary is a portion of the pond and that she and her predecessors in title have been in the adverse possession of this land and this portion of the pond for more than 50 years. The answer is a traverse followed by a counterclaim averring that defendant is the owner of the land described by courses and distances in his pleading and that plaintiff is asserting claims to that portion of his land where the pond is located which is actually northwest and outside of her boundary and included in his boundary. Defendant asks that his title be quieted.

There is no merit in defendant's contention that his demurrer to the petition should have been sustained on the ground that plaintiff did not comply with sec. 125 of the Civil Code of Practice and describe the land sought to be recovered so that it may be identified. As just stated in the above paragraph, plaintiff averred that the land in dispute is included in the land described in her petition by courses and distances. Defendant states that the demurrer was never ruled on. In this he is mistaken as an examination of the record shows an order on page 23 which overrules the demurrer and that very order filed his answer and counterclaim.

We cannot follow defendant's argument that he was entitled to a directed verdict on the ground that the petition did not aver adverse possession, therefore no proof was admissible and no instruction should have been given on this issue. The petition as amended expressly

avers that plaintiff has been in adverse possession of the land for more than 50 years. Even if adverse possession had not been pleaded, plaintiff could prove it under a general allegation of ownership. Kentucky Block Fuel Co. v. Roberts, 207 Ky. 137, 268 S. W. 802; H. B. Jones Coal Co. v. Mays, 225 Ky. 365,·8 S. W. 2d 626.

Complaint is made of the first instruction on adverse possession because it only described the land in controversy as "the land along the 97 pole and 17 link line." It is argued that this does not describe any land. With this we cannot agree. The jury had heard much evidence to the effect that the land in controversy was a V-shaped tract running with this line and they had before them maps showing the relation of this strip to this line and it certainly understood that the instruction referred to the land in controversy. While this land could have been described in the instruction with more definiteness and certainty, yet the jury could have had no doubt as to what land the instruction referred, therefore defendant was not prejudiced by the instruction which otherwise was in appropriate form. Under sec. 756 of the Civil Code of Practice a judgment will not be reversed where the error complained of is not prejudicial to the substantial rights of the complaining party.

Defendant is mistaken when he says plaintiff was not claiming the lane in fee from her barn to the pond but was only asserting an easement over same, hence it was erroneous for the judgment to give her title to this land in fee. By both the pleadings and proof she asserted title to this land by adverse possession and her claim was not merely a right of easement by more than 15 years' adverse use as a route to the pond, but she claimed to be the owner in fee. Her position is quite different from that of Sutton in Barton v. Sutton, 188 Ky. 801, 224 S. W. 366, where Sutton was only claiming an easement of travel over a road and we held it was proper to adjudge him such easement but erroneous to declare him to be the owner of the road in fee. Defendant's evidence was to the effect that Miss Shadoan's use of the land had been by permission and not as a matter of right. By instructions No. 2 and No. 2½ the court properly submitted to the jury for their determination whether or not such use was adverse or permissive.

It is next insisted that the verdict is irresponsive to the instructions, transcends the pleadings and is so un-

intelligible that a proper judgment cannot be rendered thereon. We do not find the verdict subject to such criticism. It reads: "We, the jury, find for the plaintiff $100 and that the old lines be re-established and that the defendant remove from the original pond all deposits which he has caused to be placed therein."

The "re-establishment of the old lines" is nothing more than a finding by the jury that plaintiff had acquired title by adverse possession to the land enclosed by her fence which defendant had removed. There was evidence that defendant had dumped some debris into the pond, but this was not made an issue by the pleadings nor was it covered in the instructions, and the court in rendering judgment properly treated this part of the verdict as surplusage and disregarded it. The general rule is that a verdict is sufficient in form if it gives the decision of the jury on the real issues in such manner as to enable the court to intelligibly render a judgment thereon. Davis v. Stone, 172 Ky. 696, 189 S. W. 937; Scobee v. Donahue, 291 Ky. 374, 164 S. W. 2d 947. Measured by this rule, we find that the verdict, although somewhat irregular in form, was sufficient to enable the court to render a proper judgment on the two main issues in the case; to-wit, whether plaintiff established title to the land in controversy and whether she was entitled to damages.

There were several maps introduced in evidence during the trial and although the record shows they were filed, they were not brought to this court. The failure to bring these maps here is a violation of subsection 11 of rule 3 of this court as was pointed out in Igo v. Smith, 282 Ky. 336, 138 S. W. 2d 497; City of Middlesboro v. Chasteen, 285 Ky. 427, 148 S. W. 2d 295. Also see Spencer v. Steele, 296 Ky. 3, 175 S. W. 2d 1008, where criticism was directed at failure to include maps in a record on appeal. It is most difficult for this court to follow the testimony in boundary disputes where maps from which the witnesses testify are not incorporated in the record, or where the witnesses are interrogated concerning the maps in this matter; "Where is this point," "What is the distance from here to there," without reference to letters, figures or some other identifying marks placed on the maps.

Perceiving no error prejudicial to defendant's substantial rights, the judgment is affirmed.