## Dodd v. Ramey.

May 14, 1948.

445

Finley F. Gibson and G. D. Milliken, Sr. for appellant.

Rodes, Harlin & Willock for appellee.

Opinion of the Court by Judge Rees—Affirming.

This is the second appeal of this case. The opinion on the former appeal is reported in 302 Ky. 116, 194 S. W. 2d 84, and since the facts are elaborately stated in that opinion they need not be repeated here. At the first trial the jury returned a verdict for $5,758 for the plaintiff, and at the second trial there was a verdict for the plaintiff for $5,000 for injuries which were serious and permanent.

On the first appeal the judgment was reversed because of an error in the instruction on the measure of damages. The instruction was corrected at the last trial, but the defendant has appealed and seeks a reversal of the judgment on several grounds including one which was discussed and disallowed on the former appeal, namely, appellant was entitled to a directed verdict. There is no merit in this ground since the evidence at the two trials was substantially the same. At the second trial the defendant introduced a written statement signed by the plaintiff about two months after the accident, and it is argued that this statement destroys the effect of plaintiff's testimony concerning the circumstances surrounding the accident. The statement was drafted by appellant's attorney, is in general terms, and does not conflict with the material portions of the plaintiff's testimony. Even if it be conceded that the statement conflicted with his testimony at the trial and was admissible as substantive evidence, it merely had the effect of rebutting his testimony, and the jury had the right to give that testimony such weight as it thought proper. Sutherland v. Davis, 286 Ky. 743, 151 S. W. 2d 1021; Commonwealth Life Insurance Company

v. Pendleton, 231 Ky. 591, 21 S. W. 2d 985, 66 A. L. R. 1526. As said in Cote v. Sears, Roebuck & Company, 86 N. H. 238, 166 A. 279, 281: "It has never been suggested that parties are irrevocably bound by the force of their extra judicial declarations or admissions."

Appellant complains of Instructions 2 and 3. Instruction No. 2 is the same as Instruction No. 2 given at the first trial except the word "wheel" is used instead of the word "tire." The difference is immaterial. The instructions given at the first trial were criticized on the former appeal, but all of them were approved except No. 3, the instruction on the measure of damages. The slight difference in the evidence on the two trials did not warrant a different instruction.

Instruction No. 3 is criticized because the words "if any" were omitted after the word "negligence" in the first part of the instruction. The omission was clearly an inadvertence, but since these words were used after the word "negligence" at three other points in the same instruction and in view of the instruction on negligence, the jury could not possibly have been misled.

Instruction No. 3 is also criticized because it permitted the jury to find for loss of time "from the date of plaintiff's injury, May 8, 1944, to October ———, 1944, not to exceed the sum of $625." The plaintiff testified that he was employed by the Louisville & Nashville Railroad Company as a yard switchman and was earning about $250 a month when he was injured, and that he returned to work July 20 or 21, 1944, but worked very irregularly during the next three months. After working two or three days he was compelled to lay off and rest because of severe headaches and nervousness resulting from his injury. On account of his nervous condition he gave up his employment with the railroad on November 1, 1944. It is appellant's contention that the instruction should have limited recovery for loss of time to the period of May 8 to July 20, 1944. The exact amount of time lost between July 20 and October 1 does not appear, but since appellee was earning $250 a month and the recovery for loss of time was limited to $625, the error, if any, was not prejudicial.

Complaint is made of two innocuous remarks made by the plaintiff's attorney during his closing argument

to the jury, but the alleged improper argument is not incorporated in the bill of exceptions and appears only in the motion and grounds for a new trial. This is insufficient to bring the question here. Birkhead v. Home Ins. Co., 259 Ky. 175, 82 S. W. 2d 310; Equitable Life Assur. Soc. of United States v. Fannin, 252 Ky. 600, 67 S. W. 2d 964; Winchester v. Watson, 169 Ky. 213, 183 S. W. 483.

Minor complaints are made of the admission of certain evidence and the alleged misconduct of a juror, but we find no merit in either complaint.

Judgment is affirmed.