**BARNES et al. v. LUCAS.**

Court of Appeals of Kentucky.

June 20, 1952.

to render a verdict in favor of the party who first obtained a majority vote of the jurors.

In support of this motion, appellant offered the statement of one of the jurors. The trial judge sustained an objection to the admission of this evidence. The only question before us is the correctness of this ruling.

It is well established that the affidavit of a juror can not be used to impeach the verdict of the jury except to show that it was arrived at by lot. Criminal Code of Practice, section 272. This rule applies to civil, as well as criminal, cases. Louisville & N. R. Co. v. Marshall's Adm'x, 289 Ky. 129, 158 S.W.2d 137. Moreover, this section of the Code is strictly construed. Salyers v. Commonwealth, 229 Ky. 153, 16 S.W.2d 509. As the method by which the jury allegedly reached the verdict does not constitute a verdict by lot, it follows that the testimony of the juror was properly excluded.

Judgment affirmed.

S. H. Monarch, Hardinsburg, for appellants.

Edward T. Ewen, Louisville, Charles Hall, Hardinsburg, for appellee.

CAMMACK, Chief Justice.

Appellee, Mattie Lucas, sued appellant, Rudell Barnes, as administratrix of the estate of Jesse Johnson, to recover a loan allegedly made to the decedent. A jury trial resulted in a verdict for appellee. Appellant moved for a new trial on the ground that the verdict of the jury was the result of an agreement by the jurors