**Ruth A. MEGLEMRY, Appellant,**

v.

**Roy Edgar BRUNER, Appellee.**

Court of Appeals of Kentucky.

March 24, 1961.

W. A. Armstrong, Louisville, for appellant.

Edward J. Hogan, Louisville, for appellee.

STANLEY, Commissioner.

This is an action by Ruth A. Meglemry against Roy Edgar Bruner to recover damages resulting from an automobile intersection collision.

On a first trial an itemized verdict was returned for the plaintiff for $1,020.65 of which only $100 was for pain and suffering, and the balance for special damages. Several items of special damages were lower than the undisputed evidence proved. The court sustained the plaintiff's motion for a new trial on the ground of inadequacy of the verdict, as was proper. Drury v. Franke, 247 Ky. 758, 57 S.W.2d 969, 88 A.L.R. 917. Upon a second trial the verdict was for the defendant. This is an appeal by the plaintiff from the judgment entered thereon.

A diagram or sketch of the locality of the accident was made on a blackboard in the courtroom and referred to by nearly all the witnesses in describing the occurrence. It is not reproduced in the record, so that much of the evidence is incomprehensible.

█ As everyone knows, the common practice of using charts, diagrams or sketches in the trial to illustrate or demonstrate oral testimony is helpful to a better understanding by the jury of the location and the movements of the parties. The use of a blackboard drawing for that purpose rests in the sound discretion of the trial judge. 88 C.J.S. Trial § 46; 98 C.J.S.

Witnesses § 327. Such a representation is an integral part of the witness' testimony. As stated in Wigmore on Evidence, Vol. 3, § 790, at page 175: "[B]y universal judicial concession, a map, model, diagram or photograph, takes an evidential place simply as a nonverbal mode of expressing a witness' testimony." See Annotation, Evidence: use and admissibility of maps, plats, and other drawings to illustrate or express testimony, 9 A.L.R.2d 1044, and Supplement Service.

█ We have frequently commented on the obvious difficulty of understanding the evidence where such maps or drawings are not in the record. We have several times disapproved making them on the floor or elsewhere where they could not be reproduced. Carter v. Commonwealth, 260 Ky. 538, 86 S.W.2d 290.

A former rule of this court provided that a failure to bring up the maps and other like documents might be penalized. Rule 3, subsec. 11; Price v. Shadoan, 1944, 298 Ky. 828, 184 S.W.2d 237.

█ Obviously, a diagram on a blackboard cannot be incorporated in the record except by some authentic facsimile or reproduction on paper or by photograph. If the representation is not before the court, all inferences and presumptions as to the references must be resolved against the party who has failed to bring up a complete record. Notes, 9 A.L.R.2d 1124. Indeed, in some cases the judgment may well be affirmed upon the presumption that the "omitted parts, either of themselves or by the explanation they afforded of other evidence" supported the judgment. Conley v. Commonwealth, 208 Ky. 538, 271 S.W. 566, and cases cited therein. In Igo v. Smith, 282 Ky. 336, 138 S.W.2d 497, we suggested that regardless of a rule, the court has power to strike all evidence in which an absent map was used in references.

Notwithstanding the absence of the material evidence referred to, we are able to gather these primary facts from the oral

testimony other than the demonstrative statements of the witnesses to "here," "there," "this way" and the like.

The accident occurred on the morning of October 10, 1956, at the intersection of Frankfort Avenue and State Street in Louisville. Frankfort Avenue runs generally in an east and west direction and State Street runs north and south with a slight jog or offset in crossing Frankfort Avenue. There was a traffic light at the intersection. The plaintiff testified that she had the green light in her favor as she entered Frankfort Avenue to go across. She was not clear where she was when she first saw the defendant's approaching car, but "was under the impression it was halfway between" Pope and State Streets. She did not sound her horn. The evidence of several witnesses tends to substantiate the plaintiff, but we do not know their location as they respectively designated it on the blackboard sketch. A companion in the plaintiff's automobile was not sure whether she stopped before entering Frankfort Avenue, and she was not watching the traffic light. The testimony of several witnesses was challenged by admissions of previous contradictory statements.

The defendant, who was traveling east on Frankfort Avenue, was positive he had the green light in his favor, hence, had the right of way. As he started through the intersection the plaintiff's car came out in front of him. He did not see it until he was within the intersection at the southeast corner.

■ We do not find any merit in the appellant's contention that the court should have given her a peremptory instruction under the rule that a motorist is chargeable with the duty of seeing what is obvious or in plain sight, as in Vaughn v. Jones, Ky., 257 S.W.2d 583, and like cases. The facts do not bring this case within that rule. The question was simply as to which party had the right of way. The contradictory evidence of the parties required that the case be submitted to the jury.

■ The appellant contends that the court erred in refusing to limit the second trial to the determination of damages as the first verdict established the defendant's negligence and was set aside only because of inadequacy of the damages awarded. The record does not disclose any motion that the trial should be limited to the one issue. However, the plaintiff's motion for a new trial submitted as a ground, "the court erred, at pretrial conferences on this case, in refusing to limit the retrial of this case to the issue of plaintiff's damages only." We cannot accept as a fact of record a ground stated for the first time in a motion for a new trial. Dodd v. Ramey, 307 Ky. 444, 211 S.W.2d 395. But the plaintiff did move the court to peremptorily instruct the jury to return a verdict for her as no "genuine issue of fact as to the liability of the defendant exists," and her tendered instruction was limited to the finding for the plaintiff of damages as set forth therein.

■ We put aside the question of the plaintiff's waiver of an unlimited trial because of the absence of a motion to that effect at the beginning of the trial, for it seems to us this was a matter within the discretion of the court. CR 59.01; Smith v. Webber, Ky., 282 S.W.2d 346; Beasley v. Evans' Adm'x, Ky., 311 S.W.2d 195. The question of liability in this case was not so distinct and severable from the matter of damages that the court abused a discretion in trying the whole case over again. The nature of the first verdict indicates it was probably a compromise and was agreed to through sympathy or perhaps upon an unwarranted finding of comparative negligence. In such a case it was proper to have a new trial on all issues. Beasley v. Evans' Adm'x, supra.

■ The defendant's attorney in the course of his argument to the jury referred to a certain witness for the plaintiff and added, "If you believe him, you don't know him probably, but I'll tell you I wouldn't believe anything he told me." In response to

the objection, the court stated, "I think that is improper argument, but it is in there now. Don't refer to the character of the other witnesses, Mr. Hogan. Go ahead, Mr. Hogan." We agree that the statement of counsel was improper. From a technical standpoint the court should have expressly sustained the objection and admonished the jury not to regard the statement. The appellant submits that the failure to admonish the jury was prejudicial error. The statement of the court was probably as effective as any specific admonition that it should be disregarded by the jury. We suppose the jurors, as sensible people, realized it was their duty to disregard what the court ruled was improper argument. In any event, the plaintiff waived her right to have an admonition by not having requested it. Chesapeake & O. Ry. Co. v. Saulsberry, 262 Ky. 31, 88 S.W.2d 949.

The judgment is affirmed.