**Roy NOEL, Appellant,**

**v.**

**George Hamilton CREARY, Appellee.**

Court of Appeals of Kentucky.

Oct. 9, 1964.

Rehearing Denied Feb. 12, 1965.

Stoll, Keenon & Park, Lexington, for appellant.

George M. Combs, Lexington, for appellee.

RICHARD B. CRAWFORD, Special Commissioner.

This case arises out of an automobile accident that happened August 29, 1959 about 2:15 p. m., between the appellant driving south and the appellee north on Highway 68 several miles out from Nicholasville in Jessamine County. At the intersection of Highways 68 and 29 ap-

pellant entered to turn left, but as he applied his brake, his truck skidded and the rear end of his truck crossed the center line of the highway and hit the appellee who had pulled almost off the road to avoid the skidding truck.

The court submitted to the jury the ordinary duties required of the appellant in the operation of his truck, but held as a matter of law that the appellee was free of negligence and refused to give a contributory negligence instruction. We believe the trial court was correct.

Appellant's main complaint is that the verdict of $12,500 for pain and suffering is excessive. In this we disagree.

Appellee is a retired 60 year old army officer who "ranched" a fifty acre tract in Texas. Before the accident he was in apparent good health with no disability. In the accident, the skidding truck hit his car at the hood, windshield and door on his (the driver's) side of the car. Appellee testified he laid over in the seat, but the top and windshield came down on him. His shoulder, head and arm were injured. He got out of the car and walked around after the accident and appellant testified that he told him he wasn't hurt. He did go to a doctor in Nicholasville after the accident who testified that he cleaned up the cuts and abrasions of his left shoulder and left arm and the next day appellee complained of pain in the left chest and respiratory trouble. The doctor had appellee x-rayed which turned out negative. He gave him drugs for a muscle spasm. The appellee left then by auto for New York, Pennsylvania and New Jersey but returned to Nicholasville September 17 when the doctor saw him again. He complained of muscle pain in the shoulder and the doctor treated him with muscle relaxants. He complained he heard "crickets" in his ears, but the doctor's examination was negative. In Texas appellee was seen on October 8, 1959, June 10, 1960,

and January 31, 1961 by an orthopedic surgeon who said the injury was a strain of the shoulder, that he could find no objective findings and that in his opinion appellee would recover. Appellee was treated over a period of a couple of months by a general practitioner with heat and drugs for his shoulder. In Texas appellee consulted an ear specialist on four occasions, October 13 and 26 and December 22, 1959 and January 31, 1961. This doctor testified that appellee had a loss of hearing of about 19% combined in both ears. He treated 'him with drugs and exercises and conducted extensive tests, but concluded that the loss of hearing was permanent and further treatment unnecessary.

It is well settled in this state that there is no legal yardstick for measuring and no slide rule for computing compensation for pain and suffering to which a party may be subjected as the consequence of a wrong. There is only the broad and general rule of reasonableness, free from sentiment or fanciful standards, and, as well, free from the imposition of punishment for an aggravated act where the circumstances are not of a character to authorize submission to the jury of the question of allowing punitive damages.

This court has always indicated a reluctance to set aside a judgment as being excessive except where the amount seems disproportionate to the actual damages and mental and physical pain suffered and it appears that the jury may probably have been actuated by sympathy or by bias, prejudice or unjudicial and improper motivation. It has been said frequently that this conclusion is reached when "at first blush" the award strikes the judicial conscience as being grossly excessive. Field Packing Co. v. Denham, Ky., 342 S.W.2d 524.

The jury in this case awarded the appellee $500.00 for the destruction of his

automobile, $309.90 for medical expenses and $12,500.00 for pain and suffering, mental and physical, and we are unable to find within this record any indication that would indicate to us that "at first blush" the award strikes the judicial conscience as being grossly excessive. It is our thought that the verdict might be considered liberal, but we believe that is the most that can be said. While we may have arrived at a different amount had we been sitting as jurors, that does not authorize us to invade the province of the jury which heard this case. The plaintiff was a resident of far away Texas and the defendant was a resident of Kentucky, and the case was heard, figuratively speaking, before a jury of his own neighbors, and it is difficult for us to understand under these circumstances how there could have been any bias or prejudice on the part of the jury in this case against the defendant. The learned trial judge in his opinion overruling the defendant's motion for a new trial had this to say in his opinion.

"As to the verdict being excessive, it may be larger than the attorney for defendant usually loses by in this court, but where a person has medical proof of shoulder and neck injuries and loss of hearing, I do not see anything to the claim that it is excessive."

On the closing page of his brief counsel for appellant in his conclusion states, "It is our information that the jurors were informed that the appellant had plenty of insurance." There is, of course, no line of testimony in the record that we have been able to find to support this bald unsupported statement of counsel in his brief.

We believe the case was fairly tried and that the jury having arrived at the amount of damages the plaintiff was entitled to recover for his pain and suffering and such verdict does not "at first blush" strike the judicial conscience as being grossly excessive, the same should not be set aside.

Appellant sought to supersede $5,000.00 of the total judgment of $13,309.90 and the trial court refused him this privilege. This was error. Appellant had the right to supersede any portion of the judgment he chose to, but by so doing he would not stop the collection of the balance of the judgment by any means appellee could avail himself of, as a supersedeas for a portion or part of a judgment only stays the proceedings for that part and no other. (CR 73.04) However, the error in the instant case is now beyond the point of correction.

There is no materiality in the appellant's contentions concerning errors in the bill of evidence and undue pressure by the court to bring the trial to an early conclusion.

We therefore recommend that the judgment be affirmed.

The opinion is approved and the judgment is affirmed.