**Grant NOLAN, Next Friend of Berneice Nolan, and Berneice Nolan, Individually, Appellants,**

**v.**

**Clarence Lee SPEARS, Appellee.**

Court of Appeals of Kentucky.

May 10, 1968.

Rehearing Denied Nov. 1, 1968.

for 10 weeks and her back was in a brace for substantially the same period. She was hospitalized for a week after the accident, and then was permitted to go home, but was required to remain in bed for six weeks. For the first four of those weeks she was unable to sit up. When she was able to get out of bed she was required to use crutches or a walker for a period of 12 weeks.

She had worked as a waitress for a year and a half for one employer, and then for six months for another, but had quit work for the latter employer four days before the accident. The evidence was that her wages and tips averaged $64.00 per week, or $260 per month. The evidence established that she was disabled for a period of at least 10 months, which would indicate loss of earnings of $2,600; however, the complaint asked only $1,768.50 for loss of earnings. No recovery was sought for impairment of future earning capacity. Her medical and hospital expenses were $787.15.

The instructions authorized the jury to award damages for pain and suffering, loss of earnings (not to exceed $1,768.50), and medical and hospital bills (not to exceed $800), the award not to exceed in all the sum of $25,750, which was the total amount prayed for in the complaint. The verdict was for "$2000.00 total."

Fritz Krueger, Somerset, for appellants.

C. H. Neikirk, Somerset, for appellee.

CULLEN, Commissioner.

In her suit against appellee Clarence Spears to recover damages for personal injuries sustained in an automobile accident, appellant Berneice Nolan was awarded $2,000. Her sole ground of appeal is that the award is inadequate.

Appellant was 20 years of age and had been employed as a drive-in waitress. She sustained a broken ankle, a compression fracture of the spine, and lacerations of her nose and right knee. Her leg was in a cast

The award strikes us at first blush as inadequate, appearing to have been given under the influence of passion or prejudice or in disregard of the evidence, so as to entitle the appellant to a new trial under CR 59.01(4), as prayed by her. The medical and hospital bills of $787.15 were not disputed. While it might be argued that appellant was not entitled to claim an actual loss of earnings for the period during which she was disabled, because she did not have a job when she was injured, the evidence established that she had an earning capacity of at least $260 per month, and in fairness she was entitled to recover for her loss (to the extent demanded in the pleadings), though she may improperly have asked for it in the name of lost earnings rather than impair-

ment of earning power. Besides the appellee did not complain of the instructions which authorized recovery for lost earnings up to the amount of $1,768.50 asked for in the complaint.

So, the appellant was entitled at the minimum to $2,555.65. And certainly she was entitled to something more than a nominal sum for pain and suffering. Cf. Wall v. Van Meter, 311 Ky. 198, 223 S.W.2d 734, 20 A.L.R.2d 272. The general rule of reasonableness applies. Field Packing Co. v. Denham, Ky., 342 S.W.2d 524; Noel v. Creary, Ky., 385 S.W.2d 951.

The appellant asks that a new trial be limited to the question of damages. The small amount of the verdict gives some suggestion that the verdict represented a compromise on liability, although if there was any such compromise in this case it would have to have been on the matter of contributory negligence, because the appellee's primary negligence was shown conclusively. The evidence was that Berneice, a young man named Stringer, a young married woman named Regina Bray, and her two little girls, had been riding around in appellee's car and had attended some stock car races. Spears, Stringer and Mrs. Bray had together consumed several quarts of beer during this time. Around 11:30 p. m. they drove to a drive-in restaurant where they had some hamburgers and where appellee and Stringer drank some more beer. Up to the time they reached the restaurant appellee's driving had been proper and careful. While the group was at the restaurant appellee's regular girl friend drove up in her car, and a quarrel developed between her and appellee, in the course of which appellee broke a window of her car. In the meantime Springer left appellee's car. While the quarrel was in progress a state trooper drove into the restaurant's parking lot. Appellee then ran to his own car, jumped in, and took off at high speed, with the trooper in pursuit. Appellant, Mrs. Bray and her two children were still in the car. Appellee attained speeds of close to 100 miles per hour. Appellant's testimony is that she repeatedly asked him to stop and let her out or to slow down, but to no avail. Appellee turned off the main highway onto a side road and continued at high speed. In passing over a hump in the road the car jumped, causing appellant to hit the ceiling of the car with such force as to be knocked unconscious. Shortly thereafter appellee's car left the road and hit a bank, thus ending the chase.

Conceivably the jury could have found the appellant contributorily negligent on this evidence, so to that extent there is the suggestion of compromise in the award of damages. However, the appellee does not suggest that he should have had a directed verdict and he has not cross-appealed.

Twenty-five of our cases dealing with the question of whether a new trial should be limited to the question of damages are digested under the headings "Appeal and Error," ☞1178(6), and "New Trial," ☞9, in the Kentucky Digest. They cover the last 17 years. An examination discloses that in 17 of those cases this court directed a *limited* new trial, leaving only 8 in which a complete new trial was ordered. The rule undertaken to be stated (and followed) in the cases was that only a partial retrial will be directed unless such a retrial would result in injustice. However, in Smith v. Webber, Ky., 282 S.W.2d 346, a specific rule was announced relating to cases involving *inadequate damages*, which rule was to the effect that unless liability is clear, a verdict awarding inadequate damages will be regarded as representing a compromise on liability, such as to taint the entire verdict with illegality and to require in justice that there be a new trial on all issues. That rule appears to be the one generally followed in other jurisdictions. See Annotation, 29 A. L.R.2d 1199.

Cases following Smith v. Webber, involving inadequate damages, were Meglemry v. Bruner, Ky., 344 S.W.2d 808, Phipps v. Bisceglia, Ky., 383 S.W.2d 367, and City of Louisville v. Allen, Ky., 385 S.W.2d 179. In *Allen* and in *Bruner* complete new trials

**428**

were ordered, but in *Bisceglia,* where the appellee filed no brief and apparently did not seriously dispute liability, a new trial limited to the damage issue was directed.

The review of our cases indicates that except in the situation of inadequate damages we have strongly favored the directing of limited retrials. We are disposed now to question the validity of our rule of inferred compromise in the inadequate damage cases.

■■ The mere fact alone that a verdict was reached by compromise has never been recognized by this court as an independent ground for granting a new trial or for reversing a judgment. In fact, evidence that a verdict was reached by compromise is not even admissible—See Barnes v. Lucas, Ky., 249 S.W.2d 778; Lucas v. Cannon, 76 Ky. 650, 13 Bush 650; Turner v. Hall's Adm'r, Ky., 252 S.W.2d 30. Accordingly, it is difficult to understand why an *inferred* compromise should be a basis for granting a new trial on liability *to a party who has not even asked for it.*

■ It seems to us that if the jury has found against the defendant on the issue of liability and he does not attack that verdict by a cross-appeal pointing out trial errors, the mere fact that the jurors may have traded votes in reaching the verdict is not enough basis for giving the defendant a new trial on the issue of liability. We find no injustice in denying the retrial of that issue in that situation. The appellant-plaintiff who is given a new trial because of inadequacy of damages does not receive it because the verdict was reached by compromise, but because the verdict does not conform *in its terms* to the law and the evidence. So why should the nonappealing defendant, as to whom the verdict does conform to the law and the evidence, be granted a new trial simply because the jurors compromised?

■ We conclude that the cases involving inadequacy of damages should be governed by the general rule which favors the directing of limited or partial retrials except where such would result in injustice, and we discard the concept that not to retry every issue embraced in a compromise verdict would be an injustice. To the extent of conflict we overrule Smith v. Webber, Ky., 282 S.W.2d 346, Meglemry v. Bruner, Ky., 344 S.W.2d 808, and City of Louisville v. Allen, Ky., 385 S.W.2d 179.

The new trial in this case will be limited to the question of damages.

■ The appellant suggests that the trial court erred in refusing to permit her to testify as to the amount in tips she would have received at a restaurant at which she had planned to work. She contends that on a new trial this testimony should be admitted. Qualification to give this testimony would depend upon personal knowledge of the prevailing tip income of waitresses at the proposed place of employment. Appellant did not show she had such knowledge.

The judgment is reversed with directions for further proceedings in conformity with this opinion.

All concur.