**Carl Neal CAUDILL, Appellant,**

v.

**Thelma H. HONEYCUTT, Appellee.**

Court of Appeals of Kentucky.

Oct. 4, 1968.

Rehearing Denied March 7, 1969.

F. Byrd Hogg, Hogg & Cornett, Whitesburg, for appellant.

Cordell H. Martin, Hindman, for appellee.

CLAY, Commissioner.

In this automobile accident case the car in which appellee was riding was struck in the left rear by an automobile driven by appellant. She recovered $10,000 for her personal injuries, and the only issue on this appeal is whether or not such award is excessive.

Appellee spent four days in the hospital and her principal medical care consisted of physiotherapy heat treatments and the administration of tranquilizers and pain-relieving drugs. She had complained of pain in her neck and back. Her attending physician diagnosed her injuries as a whiplash injury of the cervical spine and a sprain of the low back or the lumbo-sacral spine. This doctor found few objective symptoms of injury and said there were no lacerations, bruises or swelling. He found no evidence of a disc injury or a dislocation. It was his opinion that there were no permanent injuries. He did, however, state that at the time of the trial (about six months after the accident) she had a 50 percent temporary impairment of her activities and duties as a housewife. Her hospital bill was $149.

Another doctor who had examined appellee on two occasions a few days before the trial (taking about 30 minutes for each examination) testified. He stated that in addition to her whiplash injury, which involved the cervical vertebra, she had a slipped or ruptured disc in the lumbar area which caused continuous pain in her left leg. (Neither appellee nor her attending physician had testified about a leg injury or involvement.) He was of the opinion "she's got a total and permanent disability".

This doctor was not a neurosurgeon and had not given appellee a neurological examination. He had examined some X-rays which were not introduced in evidence. It is appellant's contention that this doctor's testimony, based largely on X-rays which were not introduced in evidence and on a very brief but not very thorough examination, had no probative value.

The testimony of the doctor who found a ruptured disc and permanent disability was competent. While his diagnosis may be subject to question, this involved a medical opinion about which we could not assume to be better qualified. The probative value of this evidence was a matter which appellant's counsel could and did strenuously argue to the jury. We cannot hold as a matter of law it had no probative value.

Appellee suffered a severe injury of the kind which normally causes substantial pain and suffering. The doctor who first attended her found that she was still suffering six months after the acci-

dent and that she was at that time 50 percent disabled. We have no legal yardstick for measuring damages. Noel v. Creary, Ky., 385 S.W.2d 951. While the jury perhaps could have justifiably made a lesser award, it does not strike us as being so palpably excessive as to indicate it was the result of passion or prejudice on the part of the jury.

The judgment is affirmed.

MILLIKIN, PALMORE, STEINFELD and WILLIAMS, JJ., concur.