**Howard YANKEY, Appellant,**

v.

**John J. McHATTON et al., Appellees.**

Court of Appeals of Kentucky.

Sept. 12, 1969.

Thomas B. Givhan, J. Chester Porter, Shepherdsville, for appellant.

Paul Lewis, Elizabethtown, Laurence S. Grauman, Louisville, for appellees, McHatton.

Reford H. Coleman, Elizabethtown, for appellees, McGee.

JAMES S. SHAW, Special Commissioner.

Howard Yankey, appellant herein, was sued by the three appellees for personal injuries and property damage arising out of an automobile accident. Trial and a jury verdict resulted in the entry of a judgment for Mrs. McHatton for personal injuries in the amount of $25,000, John McHatton for property damage the sum of $800, and for appellee Kenneth McGee the sum of $300 for his property damage. Yankey makes no complaint as to the property damage awards but claims that the verdict as to Mrs. McHatton was grossly excessive and appeared to have been given under the influence of passion and prejudice. Therefore, we shall concern ourselves solely with the latter problem.

This accident occurred while Yankey was seemingly under the influence of alcohol as evidenced by the police officer who made the run to the scene of the accident. Mention is made of this only because Mrs. Mc-Hatton was heavily engaged in church work, and appellant relies upon this set of circumstances to attempt to prove that the jury was inflamed and prejudiced by reason of these facts. Yankey, in his brief, says:

"Demon rum collided with a woman of God and has been charged with the wages of sin. The jury imposed retribution by contribution when punitive damages were not plead or proven. This record is replete with references as to the church work done by these Plaintiffs as volunteers."

This court is not impressed with this argument because "one who lives by the sword may expect to die by the sword." One who is guilty of a tort on his fellow man takes the injured person "as is" and in this instance brought about an injury to a person engaged in church work. This is known as the "rub of the green" in the game of golf and the same thing applies in the game of life. Unless this argument was so inflammatory as to bring about a complete disregard of and an improper evalua-tion of the evidence, it is without merit and we so hold in this case.

Mrs. McHatton was about 67 years of age, a housewife, and engaged in a considerable amount of church work. She had no health problems prior to the accident, and she spent almost all of her time in active church work that called for much physical effort on her part. The evidence shows that she is now suffering from a permanent injury which in her present condition is estimated by her physician as being from five to ten percent to the body as a whole. In addition she sustained in this accident the following injuries:

A severe bruise and massive hemorrhage to her right leg which was treated with cold packs, hot packs and later surgically drained; a severe laceration to her head; a fractured rib; she spent four days in the hospital and was confined to bed for a period of more than three weeks thereafter; there was discoloration of the leg from the date of the injury until the date of the trial; she has been forced to use a cane in walking and must permanently wear support hose; as a direct result of her injuries she has traumatic phlebitis which will require an operation, the gist of which is set out in the next paragraph; her total medical expenses, up to the time of the trial, amounted to $355.11, and she will subsequently have the additional medical expenses as hereafter set out.

Dr. Aaron, her physician, testified that a subsequent operation would reduce her permanency by about 50%. If Mrs. McHatton does go through the additional operative procedure, there will be a stay in the hospital of from three to five days according to her doctor. She will have additional expenses for an operating room, for an anesthesiologist, for drugs and medicines, and for her surgeon and doctor.

It is well settled that a wrongdoer is responsible for all consequences flowing from his wrongful act. Hazelwood v.

Hodge, Ky., 357 S.W.2d 711, and Gill v. Cook, Ky., 399 S.W.2d 303. No effort has been made by appellant to challenge the extent of Mrs. McHatton's injuries nor was any effort made to have her examined prior to trial. No measuring cup has been devised by man or the courts to measure accurately pain and suffering. The courts are, in the day of the inflationary dollar, reluctant to substitute their opinion for that of the jury. Unless the award is so great as to strike the mind at first blush as being the result of passion and prejudice, it should not be disturbed. This court held in Townsend v. Stamper, Ky., 398 S.W.2d 45, 13 A.L.R.3d 108, as follows:

"The decisions of this and other courts relating to excessiveness of damages in personal injury cases are legion. See collected cases in 16 A.L.R.2d 3, et seq., and the series of prior annotations on the subject in 102 A.L.R. 1125 and 46 A.L.R. 1230. Supplemental service editions of A.L.R. reflect hosts of cases on the topic since the annotation in 16 A.L.R.2d 3. Our cases have consistently recognized that determination of the propriety of personal injury verdicts depends upon the facts of the particular case and what compensation has been upheld for similar injuries, giving consideration to changed economic conditions since the precedents were established. Lyon v. Prater, Ky., 351 S.W.2d 173. The same precedent recognizes the equally well-established principle that the test of excessiveness of a damage verdict is whether the award is so great as to strike the mind at first blush as being the result of passion and prejudice."

In the very recent case of McBride v. Moss, Ky., 437 S.W.2d 726, this court approved an award to the plaintiff of $10,000, although her medical expenses were only $293.80, and in the case *sub judice*, the medical expenses are certain to exceed three times this amount. As indicated herein, this court has no rigid legal yardstick or formula for measuring damages. As said

in Caudill v. Honeycutt, Ky., 437 S.W.2d 171: "* * * the jury perhaps could have justifiably made a lesser award, it does not strike us as being so palpably excessive as to indicate it was the result of passion or prejudice on the part of the jury." We so hold in this case.

The judgment is affirmed.

EDWARD P. HILL, C. J., and MILLIKEN, PALMORE, REED, and STEINFELD, JJ., concur.