**Sherley Verlon McDONALD and Greer Brothers & Young, Inc., Appellants,**

v.

**Evelyn Peters (McGINNIS), Appellee.**

Court of Appeals of Kentucky.

March 15, 1974.

D. G. Lynn, Boehl, Stopher, Graves & Deindoerfer, Lexington, A. J. Deindoerfer, Boehl, Stopher, Graves & Deindoerfer, Louisville, for appellants.

Frank G. Dickey, Landrum, Patterson & Dickey, Lexington, Robert L. Hines, Fort Wayne, Ind., for appellee.

JONES, Justice.

Appellants, Sherley Verlon McDonald and Greer Brothers and Young, Inc., appeal from a judgment of the Fayette Circuit Court, entered upon a jury verdict of $48,104.06 in favor of appellee, Evelyn Peters McGinnis. McDonald and Greer Brothers and Young contend that the verdict is excessive and rendered as a result of passion and prejudice.

This action arises from an automobile accident that occurred on July 23, 1964, on New Circle Road near its intersection with North Broadway in Lexington. Mrs. McGinnis was a passenger in an automobile owned and operated by her sister, Myrtle Bruin, which automobile was struck from the rear by an automobile owned and operated by McDonald, an employee of Greer Brothers and Young, who was, at the time of the accident, acting within the course and scope of his employment.

At trial appellants admitted liability, and the case was tried on the question of damages. The jury returned a verdict for Mrs. McGinnis as follows:

| | | |
|---|---|---|
| 1. | Medical expenses | $ 4,387.26 |
| 2. | Lost wages | 3,716.80 |
| 3. | Permanent impairment of power to earn money | 00.00 |
| 4. | Pain and suffering | 40,000.00 |
| | TOTAL | $48,104.06 |

Subsequent to the entry of judgment the liability insurance carrier paid $10,000.00 into court, and the balance of the judgment was superseded.

Appellants make a valiant effort to exhibit to this court that the portion of the verdict awarding damages for pain and suffering strikes the conscience at first blush to have been rendered under the influence of passion and prejudice. The amount awarded as special damages is not attacked.

So that we may determine the propriety of the verdict, it is necessary that we further consider the facts of this case. The testimony introduced at trial consisted of the appearance of Mrs. McGinnis and the reading of the medical depositions of several doctors. It was shown that Mrs. McGinnis was 42 years old at the time of the accident and was employed as a switchboard operator. As a result of the accident she received a severe injury to three discs in the cervical spine. After the failure of conservative treatment, surgery was performed to fuse the vertebrae on either side of the injured discs. The operation was only partially successful, and Mrs. McGinnis continued to suffer pain and discomfort. There was evidence that she would continue to suffer pain for many years. Dr. Kearns R. Thompson stated in his deposition that as a result of the fusions Mrs. McGinnis suffered a 20% functional impairment to the body as a whole and would always be unable to turn her head fully to the side and to bend her head backward and forward.

At the time of the trial, Mrs. McGinnis was earning more than she was at the time of the injury. However, it was shown that she endured pain as a result of the injury while continuing to work. Although there was evidence of a substantial permanent functional impairment to the body as a whole, the jury made no award for such.

Some of the ordeals that are indicia of the physical pain and mental suffering on the part of Mrs. McGinnis over a period of more than six years, from the date of the injury to the date of the trial were: she was required to wear neck braces; she was hospitalized 25 days in continuous cervical traction; she endured cervical traction at home; she required extensive physical therapy; she had surgery for spinal fusion and was hospitalized almost a month; she suffered a weight loss from a normal weight of 110 pounds to 89 pounds; she was required to wear a neck brace while working from September 12, 1966, until December 10, 1966; she walked with a limp for several months following surgery and required rehabilitation of her leg with a "walker."

It is extremely difficult for any court to place a dollar value upon pain and suffering. We said in Yankey v. McHatton, Ky., 444 S.W.2d 745, at 747 (1969):

"No measuring cup has been devised by man or the courts to measure accurately pain and suffering. The courts are, in the day of the inflationary dollar, reluctant to substitute their opinion for that of the jury. Unless the award is so great as to strike the mind at first blush as being the result of passion and prejudice, it should not be disturbed."

In the case at bar the assessment of damages was the prerogative of the jury. The totality of the evidence heard by the jury leads us to the conclusion that the award for pain and suffering was not such as to indicate that it was made as a result of passion and prejudice. That being the case, it is not within the province of this court to usurp the function of the jury.

The judgment is affirmed.

All concur.