James PEDIGO, David Pedigo, and Kemper Insurance Companies, Movants,

v.

Lydia CAREY, Bobby Carey and Farm Bureau Mutual Insurance Company, Respondents.

Supreme Court of Kentucky.

May 11, 1983.

G.D. Milliken, Jr., Penny Travelsted, Bowling Green, for movants.

William Thomas Klapheke, II, Klapheke & Klapheke, Glasgow, for respondents Lydia Carey and Bobby Carey.

W. Bruce Barrickman, Glasgow, for respondent Farm Bureau Mut. Ins. Co.

STEPHENSON, Justice.

On appeal from a jury verdict in a personal injury case where the jury did not award damages for pain and suffering, the Court of Appeals reversed for a new trial on the question of damages alone. We granted discretionary review and reverse that portion of the Court of Appeals' decision that grants a new trial on damages alone.

The accident which resulted in this lawsuit occurred on a three-lane section of the highway. This three-lane section extends for approximately eighteen hundred feet. Carey had been following a tractor trailer truck driven by Pedigo, and a short distance after the two-lane road widened into three lanes, attempted to drive her car past the truck on the right-hand lane. Pedigo after passing two slow-moving cars in the right-hand lane was in the process of pulling over to the right lane when the collision occurred. There is a stipulation that at the bottom of the grade where the highway widens into three lanes, there is a sign which reads "Keep Right Except to Pass."

Pedigo asserts that this sign forbids passing on the right, that Carey disobeyed the mandate of the sign and this is contributorily negligent as a matter of law. We do not agree. The trial court observed that the sign was placed on the site for the purpose of safety and for the purpose of facilitating the movement of traffic up the grade. We are of the opinion the sign is directory to slow-moving traffic and is not mandatory as is the "No Passing" zone sign. We are of the opinion that KRS 189.-340(2)(b) includes this situation. This statute provides:

"(2) The operator of a vehicle may overtake and pass upon the right of another vehicle only under the following conditions:

*   *   *   *   *   *

(b) Upon a roadway with unobstructed pavement of sufficient width for two (2) or more lines of vehicles moving lawfully in the direction being traveled by the overtaking vehicle."

The argument that this portion applies only to four-lane highways is refuted by the express language of the statute.

The testimony on both sides made up a clear jury issue on negligence and contributory negligence. The jury returned a verdict finding for Carey and allowing recovery for the damage to her automobile and approximately two-thirds of her hospital and medical bills. The jury verdict did not give Carey anything for pain and suffering, present and future, or any amount for impairment of power to earn money.

When the verdict was read, Carey moved that the jury be sent back to reconsider the verdict. The trial court overruled the motion. The Court of Appeals' opinion properly approved the submission of the case to the jury and the ruling of the trial court refusing Pedigo's motion for a directed verdict. Then the opinion reversed the trial court for refusing to require the jury to consider damages for pain and suffering. We hold the Court of Appeals' decision erroneous in directing that a new trial be granted upon the issue of damages alone.

Carey in urging that the Court of Appeals' decision on retrying damages alone be affirmed relies upon our opinion in Deutsch v. Shein, Ky., 597 S.W.2d 141 (1980), and Nolan v. Spears, Ky., 432 S.W.2d 425 (1968). In Deutsch on appeal there was no issue of negligence since Shein did not cross-appeal. We ordered a new trial on damages alone for the reason that the issue of negligence was not contested and there was nothing to show that an injustice would occur.

In Nolan a retrial on damages alone was ordered. There primary negligence was shown conclusively and there was no cross-

appeal. To that extent the situation is in harmony with *Deutsch.* We do not have a comparable situation here. Pedigo argues vigorously that he was entitled to a directed verdict. The issue of negligence and of contributory negligence was hotly contested at the trial, and a review of the evidence does not reveal other than a classic jury issue on these propositions. In these circumstances, we are of the opinion it would be an injustice to have a retrial on the issue of damages alone.

Nolan rejected the theory of granting a new trial on the basis of inferred compromise alone in inadequate damage cases, but retained the rule that partial retrial should be rejected where injustice would result.

We are of the opinion the pivotal issue on this question is the extent to which the question of negligence is contested and resolved. There was a genuine issue of negligence and contributory negligence here, and justice requires a retrial on all issues.

The dissent conveniently ignores the holding in *Nolan* which is as follows at page 428:

> "It seems to us that if the jury has found against the defendant on the issue of liability and he does not attack the verdict by a cross-appeal pointing out trial error, the mere fact that the jurors may have traded votes in reaching the verdict is not enough basis for giving the defendant a new trial on the issue of liability. We find no injustice in denying the retrial of that issue in that situation."

The trial court should have granted the timely motion to send the jury back for further deliberations on the issue of damages.

The decision of the Court of Appeals is reversed to the extent that it ordered a new trial on damages alone. In all other respects the decision of the Court of Appeals is affirmed, and this case is reversed for a new trial on all issues.

STEPHENS, C.J., and AKER, GANT, STEPHENSON and VANCE, JJ., concur.

LEIBSON, J., dissents.

WINTERSHEIMER, J., not sitting.

LEIBSON, Justice, dissenting.

The majority opinion in this case cites *Nolan v. Spears,* Ky., 432 S.W.2d 425 (1968), as authority, but reaches an opposite conclusion.

In *Nolan* we "conclude that the cases involving inadequacy of damages should be governed by the general rule which favors the directing of limited or partial retrials except where such would result in injustice, and we discard the concept that not to retry every issue embraced in a compromise verdict would be an injustice."

*Nolan* states, p. 428:

> "... In fact, evidence that a verdict was reached by compromise is not even admissible. (Citations omitted). Accordingly, it is difficult to understand why an *inferred* compromise should be a basis for granting a new trial on liability *to a party who has not even asked for it.*"

The majority distinguishes *Nolan* on the basis that here liability was "hotly contested." However, liability was also hotly contested in *Nolan,* where there was considerable evidence to suggest that the plaintiff was contributorily negligent for riding voluntarily with a person who was drinking and reckless.

Whether or not the defendant cross-appealed does not distinguish this case from *Nolan.* It does not bear on the posture of the case as one "hotly contested" at the time the jury decided it.

I disagree with the majority view that "it would be an injustice to have a retrial on the issue of damages alone." The liability issue in this case was tried at length and decided by a jury properly instructed on the issue. In my judgment, there is more justice in respecting the verdict of the jury on the issue of liability than there is in rejecting it. There is also a great deal of judicial economy.